**Ex parte Dennis Vance BOWEN, Applicant.**

**No. 09–91–212 CR.**

Court of Appeals of Texas, Beaumont.

Aug. 12, 1992.

Dennis Vance Bowen, pro se.

Peter Speers, III, Dist. Atty., Kathleen Hamilton, Asst. Dist. Atty., Conroe, for State.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BROOKSHIRE, Justice.

Applicant was arrested May 15, 1991, on charges of sexual assault in the first degree and aggravated incest. After a habeas corpus hearing, bond was reduced to $5,000 on each count and applicant made bail. Applicant was ordered extradited to Colorado by virtue of a warrant issued by the Governor of the State of Texas. Applicant applied for a writ of habeas corpus alleging that said arrest and detention were unlawful because the State of Colorado had failed to comply with the requirements of the TEX.CODE CRIM.PROC.ANN. art. 51.13, § 3 (Vernon 1979) for not having delivered a duplicate set of original extradition documents to the applicant. There was no dispute that applicant had received a true and correct copy of said extradition papers.

On July 31, 1991, the trial court, after hearing applicant's petition for writ of habeas corpus, denied the relief sought and remanded the applicant into custody for extradition to the State of Colorado. Applicant subsequently filed a notice of appeal and a motion for appointment of counsel on appeal as well as for a free transcript and statement of facts. These motions were granted and Hon. Jimmy P. Price was appointed attorney on appeal for applicant. Applicant was permitted to proceed with his appeal in forma pauperis.

Applicant's attorney timely filed a "frivolous appeal" brief with the Court on January 21, 1992. He also caused a copy of the brief to be served on the applicant, accompanied by a letter informing applicant of his rights to examine the record for filing a pro se brief on his own behalf. He furnished a true and correct copy of the transcript and statement of facts to the applicant and also filed a motion for extension of time for applicant to file a pro se brief which was granted, setting the date for said brief to be filed on or before June 22, 1992. On June 22, 1992, applicant's retained counsel filed a motion for extension of time to file applicant's brief alleging as grounds that counsel had been retained on June 19, 1992 to represent applicant on appeal. The Court denied the motion for extension of time to file applicant's brief, having found no reasonable explanation for the need for more time on applicant's part. TEX.R.APP.P. 74(n). Applicant has not filed a pro se brief on his behalf.

█ Upon the filing of a "frivolous appeal" brief, *see Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), this Court is required to examine said brief to verify compliance with all requirements set out in the *Anders* case by court appointed counsel on appeal. This Court must also examine the record to determine if there are in fact no arguable points which could require a reversal of the trial court's order denying applicant relief. *See Anders, supra; Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503 (Tex.Crim.App.1991). If the Court determines that the brief filed is proper in all respects, counsel may then be allowed to withdraw and, assuming proper notification to the applicant of his rights (which was done) to proceed pro se, only then may the court proceed to consider the appeal on the merits without the assistance of counsel. Parenthetically, we note that if the Court determines the existence of anything in the record that might arguably support the appeal, then counsel must be appointed for the applicant forthwith to further prosecute his appeal. See *High v. State*, 573

S.W.2d 807 (Tex.Crim.App. [Panel Op.] 1978).

█ In the case before us, we find that appointed counsel on appeal for the applicant filed a proper *"Anders"* brief before this Court and after examining the record, we find that there is no arguable point other than that found to be frivolous in said brief which could require reversal on behalf of the applicant. We find that applicant was given sufficient notice of all his rights. Appellate counsel was granted the right to withdraw and applicant was given four months to prepare and file a pro se brief on his own behalf. The record supports a finding that applicant has not been diligent in prosecuting his appeal by waiting 3 months and 28 days to retain counsel.

We note in passing that briefing is not necessarily required in appeals from habeas corpus proceedings. TEX.R.APP.P. 44(a).

We have carefully examined the entire record and find the appeal to be without merit and wholly frivolous. We are at a loss to know what possible arguable points of error applicant's counsel could have in all honesty advanced. *See Currie v. State*, 516 S.W.2d 684 (Tex.Crim.App.1974).

The trial court's order of July 31, 1991, denying habeas corpus relief to applicant, is affirmed.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent. My dissent does not go to the substance of the appeal, because we do not know if there is any substance. My dissent goes to the fact that this court is considering the appeal without allowing appellant's retained counsel to file a brief. This action is clearly outside the spirit, if not the letter, of TEX.R.APP.P. 74(*l*)(2).

As I read the rule, it is an admonishment *not* to consider an appeal without briefs, except as provided by the rule. It is true enough that appellant's court appointed counsel filed a "frivolous" or *"Anders"* brief. Accordingly appellant was then entitled to file his own brief. The June 22, 1992 deadline for that brief was sought,

not by appellant, but by his court appointed counsel. Unlike the appellant in *Coleman v. State,* 774 S.W.2d 736 (Tex.App.—Houston [14th Dist.] 1989, no pet.), who was granted two extensions to file a pro se brief, Mr. Bowen did not seek any extensions until the one filed June 22 [1]. I find nothing objective in the record to indicate that Bowen was attempting to manipulate the system or that he has not been diligent in prosecuting his appeal. This court should have granted the motion of Bowen's retained counsel for an extension of time, if for no more than two weeks.[2] This court's action is not, in my judgment, doing "as justice may require". Accordingly, I respectfully dissent.

1. Bowen's court appointed counsel did file one extension prior to filing the *"Anders"* brief.

2. It is ironic that more time than that has elapsed in the disposition of the case. This time lapse is within the normal time frame of this court between submission and disposition of cases.