Reed v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-019-CR

     GARY REED,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 12,931
                                                                                                    

O P I N I O N
                                                                                                    

      Gary Reed was convicted of two counts of aggravated assault on a corrections officer. See
Tex. Penal Code Ann. § 22.02(a), (b) (Vernon Supp. 1994). He pleaded "true" to an
enhancement paragraph, and the jury sentenced him to ten years in prison. Counsel on appeal
filed an Anders brief.


 
      In Anders, the Supreme Court held:
The constitutional requirement of substantial equality and fair process can only be attained
where counsel acts in the role of an active advocate in behalf of his client, as opposed to that
of amicus curiae . . . . His role as advocate requires that he support his client's appeal to the
best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a
conscientious examination of it, he should so advise the [appellate] court and request
permission to withdraw. That request must, however, be accompanied by a brief referring to
anything in the record that might arguably support the appeal. A copy of counsel's brief
should be furnished the indigent and time allowed him to raise any points that he chooses; the
court—not counsel—then proceeds, after a full examination of all the proceedings, to decide
whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw
and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision
on the merits, if the state law so requires. On the other hand, if it finds any of the legal points
arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the
indigent the assistance of counsel to argue the appeal.
Anders, 386 U.S. at 744, 87 S.Ct. at 1400. Our Court of Criminal Appeals has adopted the
reasoning in Anders. Stafford v. State, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991).         
      Counsel provided Reed with a copy of his Anders brief. Reed requested an extension of time
in which to file a brief pro se. Reed's motion was granted; however, he failed to file an appellate
brief. We will proceed on counsel's Anders brief, conducting our own review of the record to
ascertain whether there are any arguable grounds for the appeal. See id. at 511. If arguable
grounds are found, we must abate the appeal and remand the case to the trial court with orders to
appoint new counsel to brief and present those and other points supporting the appeal. See id. 
If no arguable grounds appear, we will allow counsel to withdraw and, assuming the defendant
was properly notified of his right to proceed pro se, consider the merits of the case without the
assistance of counsel. See Ex parte Bowen, 835 S.W.2d 276, 277 (Tex. App.—Beaumont 1992,
no pet.).
FACT SUMMARY
      Reed is an inmate at the Hughes Unit in Gatesville. On January 11, 1992, Reed was
scheduled to be in one of the prison's recreational yards. A dispute arose between Reed and
Sammy Cortaise, the correctional officer escorting him. Reed wanted to go into the right "rec"
yard and Cortaise wanted him to go into the left "rec" yard. Clyde Turner, another correctional
officer, was summoned. Turner ordered Reed to enter the left yard or to return to his cell.
      Turner testified that Reed turned as if he were going to return to his cell; however, he
suddenly swung and hit Turner in the chin with his fist. Turner struck back and began struggling
with Reed. Cortaise testified that he saw Reed hit Turner and that he tried to assist Turner in
restraining Reed. After the officers had wrestled Reed to the ground, according to Cortaise, Reed
bit him on the left knee causing "excruciating pain." Both officers testified that they were wearing
their correctional-officer uniforms at the time of the incident. Prison medical personnel testified
that they treated Turner for a facial abrasion and Cortaise for a bite wound.
      Reed testified that he and Cortaise "exchanged words" about the "rec yard" schedule. He
testified that Turner grabbed him and threw him against the wall. Reed denied that he had hit
Turner or bitten Cortaise. The defense called two of Reed's fellow inmates. Ronald Morgan
testified that Turner put Reed in a "headlock," that Turner hit Reed, and that he did not see Reed
hit Turner. Victor Valasquez testified that Turner grabbed Reed by the arm, that the men began
fighting, and that Turner hit Reed in the face while Reed was lying on the ground.
INDEPENDENT REVIEW
      Counsel's Anders brief must refer to anything in the record that might arguably support the
appeal. Anders, 386 U.S. at 744, 87 S.Ct. at 1400. Counsel refers us to the indictment, the
sufficiency of the evidence, the court's charge, and the court's ruling on Reed's motion to compel
the production of the victims' employment records.
indictment
      Reed was indicted by a Coryell County grand jury. The indictment tracked the language of
the applicable Penal Code statutes. See Tex. Penal Code Ann. §§ 22.01, 22.02. We find no
defects in the indictment nor were any objections lodged against the indictment at trial. See Studer
v. State, 799 S.W.2d 263 (Tex. Crim. App. 1990); Tex. Code Crim. Proc. Ann. art. 1.14
(Vernon Supp. 1994). 
sufficiency of the evidence
      The State was required to prove beyond a reasonable doubt the elements of aggravated assault
on a correctional officer. See Tex. Penal Code Ann. § 22.02(a), (b). As applied to this case,
the State was required to prove that (1) Reed (2) in Coryell County, (3) on or about January 11,
1992, (4) intentionally and knowingly (5) caused bodily injury to (a) Cortaise (b) Turner, (6) (a)
by biting Cortaise on the leg with his teeth, (b) by striking Turner in the face, (7) that Turner and
Cortaise were then employed as correctional officers, and (8) Reed knew the victims were so
employed. See id. 
      Evidence will sustain a conviction if, viewing it in the light most favorable to the verdict, any
rational trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560
(1979); Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991). The trier of fact is the
sole judge of the weight and credibility of the witnesses and may believe or disbelieve all or any
part of any witness' testimony. Williams v. State, 692 S.W.2d 671, 676 (Tex. Crim. App. 1984).
      We have reviewed the evidence, as set forth above, in the light most favorable to the verdict
and find that any rational trier of fact could have found the essential elements of both counts of
aggravated assault on a corrections officer beyond a reasonable doubt. See Matson, 819 S.W.2d
at 843.
the charge
      Counsel directs us to a supplemental charge given during the jury's deliberations at
punishment. The jury began its deliberations at 1:24 p.m. and returned a verdict of ten-years'
imprisonment at 3:30 p.m. At some point during its deliberations, the jury indicated that it was
having trouble reaching a unanimous verdict.


 The court instructed the jury as follows:
Members of the jury, your verdict on the issue of punishment must be unanimous. During
your deliberations you should discuss this matter among yourselves carefully and try if you
can to reach a conclusion on the issues. I do not mean to say that any individual on the jury
should yield his or her own conscience and positive conviction, but it is the duty of jurors to
keep their minds open and free to every reasonable argument that may be presented by their
fellow jurors under the instruction of the Court so that they may arrive at a verdict which
justly answers the conscience of each individual juror. Therefore, I request you continue your
deliberations.

(Emphasis added). Reed objected to the italicized portion of the instruction on the grounds that
it might "influence the one juror who appears not to be able to agree with the others to change his
or her vote." After the jury reached its unanimous verdict, the court individually polled the
jurors.
      The Court of Criminal Appeals has held that a similar instruction was not coercive. Arrevalo
v. State, 489 S.W.2d 569, 572 (Tex. Crim. App. 1973). We do not find the given instruction
coercive. See id.
subpoena duces tecum
      Reed presented to the court a motion for subpoena duces tecum seeking the employment
records of Turner and Cortaise. Reed argued that the records might be relevant as to who was the
first aggressor in the incident—evidence which might support an instruction on self-defense. The
court conducted an in camera inspection of the records and ruled that nothing in the records was
relevant to the first-aggressor issue. See Thomas v. State, 837 S.W.2d 106 (Tex. Crim. App.
1992). 
      Because the records were not made available for Reed's inspection, counsel urges this court
to conduct an independent review to determine whether any information within them would have
supported a self-defense charge. We have reviewed the employment records and conclude that
nothing in the records is relevant to the first-aggressor issue. Thus, the court correctly determined
that the records were irrelevant. Furthermore, as we note below, Reed's own testimony precluded
an instruction on self-defense.
self-defense
      In conducting our own review, we also look to the question of self-defense.
      During opening argument, both the State and defense counsel broached the possibility that
self-defense might be a factor in the case. See Tex. Penal Code Ann. § 9.31 (Vernon 1974). 
However, the jury was not instructed on self-defense. The Penal Code defines several defenses,
including self-defense. See id. A defense such as self-defense "requires the accused to admit the
commission of the offense, but to justify or excuse his actions so as to absolve him of criminal
responsibility for engaging in conduct which otherwise constitutes a crime." Sanders v. State, 707
S.W.2d 78, 81 (Tex. Crim. App. 1986). In reviewing Reed's testimony, we find that he denied
striking Turner or biting Cortaise. There was no evidence raising self-defense and thus no error
in failing to instruct the jury. See id.
CONCLUSION
      After a full examination of all the proceedings, we agree with counsel that the appeal of this
case is wholly frivolous. See Anders, 386 U.S. at 744, 87 S.Ct. at 1400. We affirm the
judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed April 20, 1994
Do not publish