In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-20-00141-CR
_____

EX PARTE RODNEY DALE HOOD

On Appeal from the County Court at Law
Liberty County, Texas
Trial Cause No. 39067

**MEMORANDUM OPINION**

Rodney Dale Hood appeals from the trial court's ruling denying his application for habeas relief from a judgment in which he was found guilty of committing a misdemeanor DWI.[1] The record shows that Hood's conviction arose from an agreement based on a plea bargain. In a petition seeking to overturn his conviction in Trial Court Cause Number 390679, Hood asked the trial court to set

_____

[1]The judgment that is the subject of Hood's habeas petition was assigned Cause Number 390679 by the court in which it was filed, the County Court at Law of Liberty County, Texas.

1

aside his conviction based on a claim alleging that he did not knowingly, intelligently, or voluntarily plead guilty to the DWI. Additionally, Hood argues the attorney who represented him on the DWI failed to discharge his duty to provide Hood with effective assistance of counsel. Because we conclude the trial court did not err in denying Hood's petition, we affirm.

## Background

In 2012, Hood filed an application for a writ of habeas corpus. In it, he asked the trial court to set aside his 1988 conviction on the misdemeanor DWI. Hood amended the habeas application he filed in 2012 in 2017 and alleged the State of Texas "guaranteed (in writing) that the underlying misdemeanor DWI conviction [sic] would never be used to elevate or enhance any subsequent crime or sentence[.]" In July and August 2019, the trial court heard argument from the attorneys for the parties to consider the issues raised in Hood's application challenging the validity of the 1988 conviction for DWI. At the conclusion of the second hearing, the trial court advised the attorneys who were present the court would deny Hood's petition. The trial court also asked the attorney for the State to provide the court with an order to carry out its ruling. The trial court signed an order denying Hood's application in April 2020. At that same time, the trial court provided the parties with its written findings.

2

In the order denying Hood's petition seeking habeas relief, the trial court explains in detail why it found Hood's application for relief has no merit. For instance, in one finding, the trial court explained that Hood's allegations claiming the State guaranteed Hood that it would never use Hood's 1988 conviction on the DWI to elevate or enhance some other sentence "is not credible."

After the trial court denied Hood's petition, Hood appealed. In response to the notice, the trial court appointed the same attorney who represented Hood in the trial court in the habeas proceeding to represent him in his appeal.

On appeal, Hood's attorney filed a brief explaining the attorney could find no meritorious issues to argue in Hood's appeal that would support an argument to overturn the trial court's ruling on Hood's petition for habeas corpus. The brief presents a professional evaluation of the record.[2] The record also shows that Hood's attorney provided Hood with a copy of the brief in the appeal and informed Hood about how he could obtain a copy of the record and file a pro se response.

Hood filed several briefs and supplemental briefs in the appeal. In them, Hood complains about the merits of the trial court's ruling to deny his application. He also

---

[2]*See Anders v. California*, 386 U.S. 738, 744 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

complains about the adequacy of the attorney the trial court appointed to represent him on his habeas application and in the appeal.

Analysis

After reviewing the appellate record, the *Anders* brief filed by Hood's counsel, Hood's briefs and supplemental briefs, and the brief filed by the State, we find Hood's appeal is frivolous and lacks merit. The judgment of the trial court is affirmed. Appellate counsel's motion to withdraw is granted.[3] All motions Hood filed that have not been ruled on in this Court are denied. Hood is also not entitled to the appointment of counsel to assist Hood should he seek to appeal. That said, should Hood desire to have this Court's ruling reviewed, he must either retain an attorney to file a petition for discretionary review or file a pro se petition seeking discretionary review in the Court of Criminal Appeals. Should Hood seek discretionary review, he must file his petition within thirty days from the later of (1) the date of this opinion, or (2) the date the last timely motion for rehearing or en banc reconsideration is overruled by this Court.[4]

---

[3]*See Ex parte Bowen*, 835 S.W.2d 276, 277 (Tex. App.—Beaumont 1992, no pet.); *Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 (Tex. App.—San Antonio 1996, no pet.).

[4]*See* Tex. R. App. P. 68.2. Should Hood file a petition for discretionary review, the petition he files in the Court of Criminal Appeals must comply with the requirements in Rule 68.4 of the Texas Rules of Appellate Procedure. *Id*. 68.3, 68.4.

Because Hood's appeal is frivolous, the trial court's judgment is

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on October 27, 2020
Opinion Delivered March 10, 2021
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.