**Carl Victor COLEMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–88–548–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 29, 1989.

Carl Victor Coleman, Rusk, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before MURPHY, ROBERTSON and SEARS, JJ.

## OPINION

SEARS, Justice.

Appellant was convicted by a jury of the offense of unauthorized use of a motor vehicle. The jury found the two enhancement paragraphs true and assessed punishment at forty-five (45) years confinement in the Texas Department of Corrections. We affirm on the record.

Appellant committed the offense on February 1, 1988. The magistrate determined that appellant was indigent and appointed counsel to represent him on February 3, 1988. On April 18, 1988, appellant filed a pro se hand written motion to dismiss court appointed counsel and a motion to order the court reporter to transcribe any and all proceedings. The record does not indicate the court acted on either of these motions. Appellant's appointed attorney and the attorney for the State executed an agreed trial setting for trial on June 13, 1988. The form indicates that the appellant refused to sign it. Appellant later filed a pro se motion to compel the district clerk to provide certain documents and a motion to provide him with additional law library time. The trial court granted the latter. On June 3, 1988, appellant again filed a pro se motion to dismiss court appointed counsel. The trial court denied this motion on June 14, 1988. The record is not clear as to when or why the trial court appointed an additional attorney to represent appellant, but at trial he had two court appointed attorneys.

This case was called to trial on June 16, 1988, at which time the docket sheet indicates the appellant refused to dress for trial and refused to enter a plea. The trial court entered a plea of not guilty for the appellant, and the trial commenced. The jury found the appellant guilty as charged, found the enhancement paragraphs true and assessed his punishment at forty-five (45) years in the Department of Corrections. Appellant gave oral notice of appeal. The trial court then appointed a different attorney to represent the appellant on appeal, and on June 21, 1988, notice of appeal was given and a request was filed for the statement of facts to be prepared.

On October 12, 1988, appellant filed a motion with this court to discharge his appointed attorney and proceed pro se on his appeal. Pursuant to his request, this court issued an order on November 3, 1988, which directed the trial court to conduct a hearing pursuant to appellant's request. On January 13, 1989, the trial court held a hearing and repeatedly admonished the appellant of the dangers involved in representing himself, and admonished him that he would be given no special treatment because he was proceeding pro se. The court also offered to provide another attorney for him if he was dissatisfied with his current attorney. Appellant rejected the offer of another appointed counsel, renewed his insistence to dismiss his current counsel and to proceed pro se. The court further offered to provide a stand-by attorney to be available to the appellant in case he needed assistance in the appeal. The appellant rejected that offer and said, "They're highly qualified to represent me ... with the research that I have done and with the record, according to the record given me, an attorney can—he can easily obtain a reversal, but it is whether or not he will do this or not, you know. I don't have faith in attorneys appointed to do this." The court then again admonished the appellant, asked him if he still desired to represent himself and if he was willing to sign a waiver of his right to have an attorney. The appellant responded he did want to represent himself and that he would sign a waiver of his right to counsel.

Appellant's brief was due in this cause on March 13, 1989. On February 28, 1989, appellant filed motions to abate the appeal, correct the statement of facts and for a new trial. The Court denied these motions on March 9, 1989. On February 28, 1989, appellant filed a motion to extend time to file his brief. The Court granted the motion and extended the time to April 24, 1989. On March 23, 1989, the Court denied appellant's objection to the record and motion to establish a record of ineffective assistance of counsel at trial. On March 30, 1989, the Court denied appellant's motions for a *Jackson v. Denno* hearing and to supplement the record. On March 28,

1989, appellant filed motions requesting a *Strickland v. Washington* hearing, a motion for new trial hearing, an objection to the record, and a motion to hold Judge Azios, the trial judge, in contempt. These motions were denied on April 6, 1989. On April 3, 1989, appellant filed a motion reurging ten motions previously denied by this Court. We denied this motion on April 13, 1989. On April 3, 1989, appellant filed a second request for this court to hold a *Jackson v. Denno* hearing. This motion was denied on April 13, 1989. On April 3, 1989, appellant filed a second motion to extend time to file his brief. This Court granted the motion on April 13, 1989, and extended the time to May 24, 1989, with the notation "no further extensions". On April 13, 1989, the Court received a copy of appellant's writ of Mandamus against this court which was filed in the Court of Criminal Appeals. On April 27, 1989, this Court denied appellant's motion requesting docket sheets, written findings and court minutes. On May 11, 1989, this Court denied appellant's motion to extend time to file his brief and a request for a stay of proceedings pending the determination of the mandamus by the Court of Criminal Appeals. This Court also again denied appellant's motion to establish a record of ineffective assistance of counsel at trial.

More than one year has now passed since appellant's trial, and no appellate brief has been filed. This court has been very lenient with the appellant, recognizing he is at a disadvantage representing himself, and we have patiently read and ruled on each motion that he has filed. However, this court has now reached the inescapable conclusion that the appellant will not file a meaningful brief in this appeal.

On June 5, 1989, this court ordered the trial court to hold another rule 74(*l*)(2) hearing; however, we now rescind that order as it would not be in the best interest of judicial economy. At a rule 74(*l*)(2) hearing, the trial court is charged with determining whether: (1) the appellant desires to prosecute his appeal; (2) whether the appellant is indigent; and (3) whether retained counsel has abandoned the appeal. The trial court is then to make appropriate findings and recommendations. However, this court already knows the answer to those questions. A hearing has already been held to determine that the appellant is indigent, and he was appointed trial counsel and appointed counsel on appeal. Further, we know the appellant still desires to prosecute his appeal because of the motions and requests for additional extensions of time in which to file the brief. Since, the trial court has already held one 74(*l*)(2) hearing, and we can find nothing in the rules or case law which requires this court to once again send this matter back to the trial court, we decline to do so. Although the appellant has had ample time in which to prepare his brief, he has chosen instead to spend his time filing countless motions which are not within the jurisdiction of this court to grant and which this court has already denied in prior motions. Therefore, we find that we must now decide this appeal upon the record.

TEXAS RULE OF APPELLATE PROCEDURE 74(*l*)(2) provides that we will not dismiss or consider the appeal without briefs unless it is shown the appellant no longer desires to prosecute his appeal or that he is not indigent and has failed to make necessary arrangements for filing a brief. However, it is clear that the rule was designed to protect an indigent appellant from the failure of his *appointed counsel* to provide a brief. We do not believe the rule covers a situation where the appellant already has had appointed counsel, dismissed the counsel, the court has held a hearing on his motion to proceed pro se and the delay in filing appellant's brief was caused by appellant himself, not by appointed counsel. We therefore believe that this case is special, not heretofore encountered by this court or found in Texas case law. We believe it provides another exception to the rule. In setting forth the two exceptions under which the court can consider an appeal without a brief, the rule concludes with these four words: "as justice may require." While we believe that no accused should be denied his right of appeal, we also believe that "justice requires" that the exercise of this right of appeal must be

held within the framework of the rules of appellate procedure. We also believe that requiring any appellant to follow the rules does not infringe upon his rights of appeal. We therefore find that justice requires that this appeal be determined without a brief.

This court has reviewed the entire record brought forth in this appeal and we find no reversible error. The judgment of the trial court is affirmed.