Affirmed and Opinion filed February 27, 2003









Affirmed and Opinion filed February 27, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-01255-CR

NO. 14-01-01258-CR

____________

 

DAVID WAYNE McCARTNEY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 185th District Court

Harris
County, Texas

Trial
Court Cause Nos. 875,270 & 876,680

 



 

M E M O R A N D U M  O P I N I O N

After a jury trial, appellant was convicted of the offense of
indecency with a child in trial court cause number 875,270, and sentenced to
confinement in the Institutional Division of the Texas Department of Criminal
Justice for five years, with a $10,000 fine, on November 15, 2001.  At the same time, he was convicted of the
offense of unlawful restraint in cause number 876,680, and sentenced to two
years confinement in a state jail facility, with a $10,000 fine.  Appellant filed a pro se notice of appeal.








Appellant is not represented by counsel on appeal.  The reporter=s record in this appeal was due
January 14, 2002, and was not filed. 
Carrie Logan, the court reporter, informed the court that appellant has
not paid or made arrangements to pay the reporter=s fee to prepare the reporter=s record.  See Tex.
R. App. P. 37.3(c)(2)(A).  Accordingly, on March 7, 2002, this Court
abated the appeal and ordered the trial court to conduct a hearing to determine
if appellant is indigent and entitled to a free record and appointment of
counsel.  See Tex. R. App. P. 35.3(c).

On March 22, 2002, the trial court conducted a hearing.  The trial court ordered preparation of the
reporter=s record, but the court did not find
appellant indigent for purposes of appointment of counsel.  The court advised appellant that he could
represent himself on appeal, or he could retain counsel, at which time he would
need to arrange to pay for the record. 
The reporter=s record from the trial was filed on April 4, 2002.  A record of the March 22, 2002 hearing was
filed in this Court on April 26, 2002, at which time the appeal was ordered
reinstated, and appellant=s brief was ordered filed by May 27, 2002.  Appellant requested and was granted an
extension of time to file his brief until July 19, 2002, with the notation that
no further extensions would be granted absent exceptional circumstances.

Appellant=s
brief was not filed.  Appellant and the
trial court were notified on July 23, 2002, that no brief had been
received.  Appellant responded that he
was indigent and wanted appointment of counsel. 
He stated the trial court had not properly considered his indigent
status for purposes of appeal, but instead had relied only on testimony from
trial.  Accordingly, on August 8, 2002,
this court again abated the appeal and ordered a hearing to determine why
appellant had not filed a brief in this appeal, and directed the court to make
findings, including whether appellant is indigent.  On August 27, 2002, the trial court conducted
the hearing, and a record of that hearing was filed in this court on September
5, 2002.  The court again found appellant
is not indigent for purposes of appeal.  








Accordingly, we again reinstated the appeal.  This Court received a further complaint from
appellant on September 10, 2002, concerning the trial court=s failure to find him indigent. On
September 12, 2002, the Court issued an order finding no abuse of discretion in
the trial court=s finding
that appellant was not indigent.  We
ordered appellant to file a brief in this appeal on or before October 28,
2002.  No brief was filed.  Appellant requested and received an extension
of time until December 30, 2002, with the notation that no further extensions
would be granted absent exceptional circumstances.  No brief was filed.  Instead, on December 31, 2002, appellant
again filed a request for appointed counsel. 
We denied appellant=s
request.

Rule 38.8 provides that we will not dismiss or consider the
appeal without briefs unless it is shown the appellant no longer desires to
prosecute his appeal or that he is not indigent and has failed to make
necessary arrangements for filing a brief. 
It is clear that the rule was designed to protect an indigent appellant
from the failure of his appointed counsel to provide a brief.  The rule further provides that under
appropriate circumstances, Athe appellate court may consider the appeal without briefs,
as justice may require.@  Tex. R. App. P. 38.8 (b)(4).

Two hearings have already been held concerning appellant=s indigent status, including a hearing
as required under Rule 38.8.  Because the
trial court has already held one hearing to make the findings required under
Rule 38.8, and we can find nothing in the rules or case law which requires this
court to once again send this matter back to the trial court, we decline to do
so.  Therefore, on January 23, 2003, we
ordered appellant to file a brief in this appeal on or before February 18,
2003.  In our order, we advised appellant
that if he failed to file his brief, we would decide this appeal upon the
record before the Court.  See Lott v.
State, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994)
(affirming conviction on record alone where appellant failed to file a pro se
brief after being properly admonished); Coleman v. State, 774 S.W.2d
736, 738-39 (Tex. App.BHouston [14th Dist.] 1989, no pet.)
(holding that former rule 74(l)(2) (now Rule 38.8(b)) permitted an
appeal to be considered without briefs Aas justice may require@ when a pro se appellant has not
complied with the rules of appellate procedure).








Appellant has not complied with our order of January 23,
2003.  Instead, he filed a further
request for extension of time to file his brief.  Appellant=s motion is denied.

While we believe that no accused should be denied his right
of appeal, we also believe that Ajustice requires@ that the exercise of this right of
appeal must be held within the framework of the rules of appellate
procedure.  See Coleman, 774 S.W.2d at 738-39. 
We also believe that requiring any appellant to follow the rules does
not infringe upon his rights of appeal.  See
id.  We therefore find that justice
requires that this appeal be determined without a brief.

This court has reviewed the entire record brought forth in
this appeal and we find no reversible error. 
Accordingly, the judgment of the trial court is affirmed.

 

PER CURIAM

 

Judgment rendered
and Opinion filed February 27, 2003.

Panel consists of
Chief Justice Brister and Justices Fowler and Edelman.

Do not publish - Tex. R. App. P.
47.2(b).