Affirmed and Memorandum Opinion filed January 27, 2005









Affirmed
and Memorandum Opinion filed January 27, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00312-CR

____________

 

BRIAN ERWIN
JENKINS,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 338th
District Court

Harris County, Texas

Trial Court Cause No. 913,763

 



 

M E M O R A N D U M O P I N I O N

Appellant was convicted by a jury of the
offense of possession of less than one gram of cocaine.  The jury assessed punishment at 450 days in a
state jail facility.  We affirm.








Appellant was charged on June 1, 2002 with
possession of cocaine.  On July 9, 2002,
the trial court appointed an attorney to represent appellant.  On January 29, 2004, the trial court held a
hearing on appellant=s motion to represent himself.  Despite the trial court=s warnings of the
dangers and disadvantages of self-representation, appellant decided to proceed
pro se.  On March 26, 2004 a jury found
appellant guilty and assessed his punishment. 
Appellant filed a pro se notice of appeal.  

On June 3, 2004, this court abated
appellant=s appeal for determination of whether
appellant was indigent and desired to prosecute his appeal.  The trial court held a hearing and found
appellant was indigent and entitled to a free record on appeal.  The trial court again warned appellant of the
disadvantages of self-representation, but appellant chose to represent himself
on appeal.  The record was filed in this
court August 19, 2004.  Appellant=s brief was due
September 20, 2004.  No brief has been
filed.

Rule 38.8 provides that we will not
dismiss or consider the appeal without briefs unless it is shown the appellant
no longer desires to prosecute his appeal or that he is not indigent and has
failed to make necessary arrangements for filing a brief.  It is clear that the rule was designed to
protect an indigent appellant from the failure of his appointed counsel to
provide a brief.  The rule further
provides that under appropriate circumstances, Athe appellate
court may consider the appeal without briefs, as justice may require.@  Tex.R.App.
P. 38.8(b)(4).

Because the trial court has already held
one hearing to make the findings required under Rule 38.8, and we can find
nothing in the rules or case law that requires this court to once again send
this matter back to the trial court, we decline to do so.  Therefore, on November 12, 2004, we ordered
appellant to file a brief in this appeal on or before December 13, 2004.  In our order, we advised appellant that if he
failed to file his brief, we would decide this appeal upon the record before
the Court.  See Lott v. State, 874
S.W.2d 687, 688 (Tex. Crim. App. 1994) (affirming conviction on record alone
where appellant failed to file a pro se brief after being properly admonished);
Coleman v. State, 774 S.W.2d 736, 738B39 (Tex. App.CHouston [14th
Dist.] 1989, no pet.) (holding that former rule 74(l) (2) (now Rule
38.8(b)) permitted an appeal to be considered without briefs Aas justice may
require@ when a pro se
appellant has not complied with the rules of appellate procedure).  Appellant has not complied with our order of
November 12, 2004. 








Although no accused should be denied his
right of appeal, justice requires the exercise of this right of appeal must be
held within the framework of the rules of appellate procedure.  See Coleman, 774 S.W.2d at 738B39.  Requiring appellant to follow the rules does
not infringe upon his rights of appeal.  See
id.  We therefore find that justice
requires this appeal be determined without a brief.

The record reflects that at approximately
1:30 a.m. on June 1, 2002, Officer K. L. Thornton of the Harris County Sheriff=s Department
observed a vehicle speeding.  Officer
Thornton moved behind the vehicle to conduct a stop and turned on his emergency
lights and siren.  At that time the car
increased its speed.  The driver of the
car, later identified as appellant, threw a bag containing a white, powdery,
substance out of the vehicle.  The driver
also threw three or four vials out of the car. 
Officer Thornton testified that, in his experience, those type of vials
were used to carry PCP.  After a two mile
chase, appellant stopped his vehicle and Officer Thornton arrested him for
evading detention.  Some of the white
powdery substance appellant threw out of the window adhered to his car.  The substance field-tested positive for
cocaine.  Officer Dansby of the Harris
County Sheriff=s Office recovered the plastic bag, which
also tested positive for cocaine. 
Officer Dansby also found a bottle of Xanax, a prescription medication,
for which appellant did not have a prescription.

At trial, appellant cross-examined the
State=s witnesses and
presented evidence in his defense. 
Appellant made no objections to the jury charge.  Appellant was permitted to make a closing
argument in which he contended he had a AGod-given@ right to travel
and Officer Thornton was not justified in stopping him for speeding.  The jury found appellant guilty of possession
of cocaine.








At the punishment stage of trial, the
State introduced evidence of prior convictions for possession of marijuana,
assault, and discharging a firearm in a metropolitan area.  Appellant testified and asked the jury for
leniency.  On cross-examination,
appellant denied throwing the cocaine out of his car window.  Appellant presented his girlfriend, who
testified that he has the reputation for helping others.  The jury assessed punishment at 450 days in a
state jail.

Having reviewed the entire record brought
forth in this appeal, we find no reversible error.  Accordingly, the judgment of the trial court
is affirmed.

 

 

 

PER CURIAM

 

 

 

Judgment
rendered and Memorandum Opinion filed January 27, 2005.

Panel consists
of Justices Yates, Edelman and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).