Affirmed and Memorandum Opinion filed August 11, 2005









Affirmed and Memorandum Opinion filed August 11, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01123-CR

____________

 

ROBERT JONES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 183rd District Court

Harris
County, Texas

Trial
Court Cause No. 960,103

 



 

M E M O R A N D U M  O
P I N I O N

Appellant was convicted of the offense of possession of a
controlled substance on  September 24,
2004, the trial court sentenced him to confinement in a state jail facility for
two years.  Appellant filed a pro se notice
of appeal.

Appellant is not represented by counsel on appeal.  On January 6, 2005, this court abated the
appeal and ordered the trial court to conduct a hearing to determine if
appellant was indigent and entitled to a free record and appointed counsel on
appeal.








On February 22, 2005, a record of the hearing conducted by
the trial court was filed.  The court
determined that appellant was not indigent, and appellant stated he would hire
an attorney to represent him on appeal. 
Accordingly, this court reinstated the appeal and set a new due date for
the reporter=s record at March 25, 2005.  No reporter=s record has been filed and the court
reporter again informed this court that no arrangements for payment were
made.  No counsel made an appearance on
behalf of appellant.  

On April 7, 2005, the clerk of this court notified appellant
that we would consider and decide those issues that do not require a reporter=s record unless appellant, within 15
days of our notice, provided this court with proof of payment for the
record.  See Tex. R. App. P. 37.3(c).  Appellant filed no reply.  Accordingly, on June 2, 2005, we ordered
appellant to file a brief on or before July 1, 2005.  No brief has been filed.  Appellant has not complied with our order.

Rule 38.8 provides that we will not dismiss or consider an
appeal without briefs unless it is shown the appellant no longer desires to
prosecute his appeal or that he is not indigent and has failed to make
necessary arrangements for filing a brief. 
It is clear that the rule was designed to protect an indigent appellant
from the failure of his appointed counsel to provide a brief.  The rule further provides that under
appropriate circumstances, Athe appellate court may consider the appeal without briefs,
as justice may require.@  Tex. R. App. P. 38.8 (b)(4); see
also Lott v. State, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (affirming
conviction on record alone where appellant failed to file a pro se brief after
being properly admonished); Coleman v. State, 774 S.W.2d 736, 738-39
(Tex. App.BHouston [14th Dist.] 1989, no pet.)
(holding that former rule 74(l)(2) (now Rule 38.8(b)) permitted an
appeal to be considered without briefs Aas justice may require@ when a pro se appellant has not
complied with the rules of appellate procedure).








A hearing has already been held as required under Rule
38.8.  Because the trial court has
already held one hearing to make the findings required under Rule 38.8, and we
can find nothing in the rules or case law which requires this court to once
again send this matter back to the trial court, we decline to do so.  

While we believe that no accused should be denied his right
of appeal, we also believe that Ajustice requires@ that the exercise of this right of
appeal must be held within the framework of the rules of appellate
procedure.  See Coleman, 774
S.W.2d at 738-39.  We also believe that
requiring any appellant to follow the rules does not infringe upon his rights
of appeal.  See id.  We therefore find that justice requires
that this appeal be determined without a brief.

This court has reviewed the entire record brought forth in
this appeal and we find no reversible error. 
Accordingly, the judgment of the trial court is affirmed.

 

PER CURIAM

 

Judgment rendered
and Memorandum Opinion filed August 11, 2005.

Panel consists of
Chief Justice Hedges and Justices Yates and Anderson.

Do not publish - Tex. R.
App. P. 47.2(b).