Affirmed and Memorandum Opinion filed April 13, 2005









Affirmed and Memorandum Opinion filed April 13, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01119-CR

____________

 

DAVID MICHAEL GLIDDEN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the County Court at Law

Austin
County, Texas

Trial
Court Cause No. 04CR24248

 



 

M E M O R A N D U M  O
P I N I O N

Appellant was convicted of the offense of failure to identify
and assessed a fine of $250 plus court costs on September 28, 2004.

Appellant is not represented by counsel on appeal.  On January 13, 2005, this court ordered a
hearing to determine whether appellant desired to prosecute his appeal.  On February 10, 2005, the trial court
conducted the hearing.  The record of the
hearing was filed in this court on February 16, 2005.  The trial court found appellant was not
indigent and was not entitled to a free record on appeal.  No reporter=s record has been filed.  Further, the court found appellant had the
means to hire an attorney.








Rule 38.8 provides that we will not dismiss or consider the
appeal without briefs unless it is shown the appellant no longer desires to
prosecute his appeal or that he is not indigent and has failed to make
necessary arrangements for filing a brief. 
It is clear that the rule was designed to protect an indigent appellant
from the failure of his appointed counsel to provide a brief.  The rule further provides that under
appropriate circumstances, Athe appellate court may consider the appeal without briefs,
as justice may require.@  Tex. R. App. P. 38.8 (b)(4).

A hearing has already been held as required under Rule
38.8.  Because the trial court has
already held one hearing to make the findings required under Rule 38.8, and we
can find nothing in the rules or case law which requires this court to once
again send this matter back to the trial court, we decline to do so.  Therefore, we ordered appellant to file a
brief in this appeal on or before March 20, 2006.  In our order, we advised appellant that if he
failed to file his brief, we would decide this appeal upon the record before
the Court.  See Lott v. State, 874
S.W.2d 687, 688 (Tex. Crim. App. 1994) (affirming conviction on record alone
where appellant failed to file a pro se brief after being properly admonished);
Coleman v. State, 774 S.W.2d 736, 738-39 (Tex. App.BHouston [14th Dist.] 1989, no pet.)
(holding that former rule 74(l)(2) (now Rule 38.8(b)) permitted an
appeal to be considered without briefs Aas justice may require@ when a pro se appellant has not
complied with the rules of appellate procedure).

Appellant has not complied with our order of February 16,
2006.  While we believe that no accused
should be denied his right of appeal, we also believe that Ajustice requires@ that the exercise of this right of
appeal must be held within the framework of the rules of appellate
procedure.  See Coleman, 774
S.W.2d at 738-39.  We also believe that
requiring any appellant to follow the rules does not infringe upon his rights
of appeal.  See id.  We therefore find that justice requires
that this appeal be determined without a brief.

This court has reviewed the entire record brought forth in
this appeal and we find no reversible error. 
Accordingly, the judgment of the trial court is affirmed.








PER CURIAM

 

Judgment rendered
and Memorandum Opinion filed April 13, 2006.

Panel consists of
Justices Hudson, Fowler, and Seymore.

Do not publish - Tex. R.
App. P. 47.2(b).