Affirmed and Memorandum Opinion filed September 7, 2006








Affirmed
and Memorandum Opinion filed September 7, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00799-CR

NO. 14-05-00800-CR

NO. 14-05-00802-CR

____________

 

DAVID SEGOVIA AGUERO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
County Court at Law No. 2 & Probate Court

Brazoria County,
Texas

Trial Court Cause
Nos. 133743, 133748, & 133749

 



 

M E M O R
A N D U M  O P I N I O N

After a
jury trial, appellant was convicted of three violations of sewage disposal
regulations pursuant to section 7.173 and 7.174 of the Texas Water Code.  On
June 7, 2005, the trial court assessed punishment in accordance with the jury=s verdict at a fine of $500, plus
court costs, in each case.  Appellant filed a pro se notice of appeal of all
three convictions.  








Appellant
is not represented by counsel on appeal.  Appellant=s brief was originally due on October
12, 2005, but it has not been filed.  This court granted an extension of time
to file the brief until December 2, 2005.  Appellant submitted a non-conforming
brief, which was returned for correction.  See Tex. R. App. P. 9.4(i) (permitting return of non-conforming
documents for correction).  Appellant requested and was granted a second
extension of time to file his brief, but no brief was filed.  On February 23,
2006, appellant filed a further request for extension of time.  The court
denied the request and ordered the trial court to conduct a hearing pursuant to
Texas Rule of Appellate Procedure 38.8 to determine the reasons for appellant=s failure to file his brief.  A
record of the hearing in the trial court was filed on June 8, 2006.  The trial
court made findings that appellant is not indigent, he had not abandoned his
appeal, and appellant would file his brief on or before July 1, 2006.  No brief
was filed.  Appellant and the trial court were notified on July 11, 2006, that
no brief had been received.  No response was received.

Rule
38.8 provides that we will not dismiss or consider the appeal without briefs
unless it is shown the appellant no longer desires to prosecute his appeal or
that he is not indigent and has failed to make necessary arrangements for
filing a brief.  It is clear that the rule was designed to protect an indigent
appellant from the failure of his appointed counsel to provide a brief.  The
rule further provides that under appropriate circumstances, Athe appellate court may consider the
appeal without briefs, as justice may require.@  Tex.
R. App. P. 38.8 (b)(4).

A hearing
has already been held as required under Rule 38.8.  Because the trial court has
already held one hearing to make the findings required under Rule 38.8, and we
can find nothing in the rules or case law which requires this court to once
again send this matter back to the trial court, we decline to do so. 
Therefore, on July 27, 2006, we ordered appellant to file a brief in this
appeal on or before August 25, 2006.  In our order, we advised appellant that
if he failed to file his brief, we would decide this appeal upon the record
before the Court.  See Lott v. State, 874 S.W.2d 687, 688 (Tex. Crim.
App. 1994) (affirming conviction on record alone where appellant failed to file
a pro se brief after being properly admonished); Coleman v. State, 774
S.W.2d 736, 738-39 (Tex. App.BHouston [14th Dist.] 1989, no pet.) (holding that former rule
74(l)(2) (now Rule 38.8(b)) permitted an appeal to be considered without
briefs Aas justice may require@ when a pro se appellant has not
complied with the rules of appellate procedure).








Appellant
has not complied with our order of July 27, 2006.  While we believe that no
accused should be denied his right of appeal, we also believe that Ajustice requires@ that the exercise of this right of
appeal must be held within the framework of the rules of appellate procedure.  See
Coleman, 774 S.W.2d at 738-39.  We also believe that requiring any
appellant to follow the rules does not infringe upon his rights of appeal.  See
id.  We therefore find that justice requires that this appeal be determined
without a brief.

This
court has reviewed the entire record brought forth in each appeal and we find
no reversible error.  Accordingly, the judgments of the trial court are
affirmed.

 

PER
CURIAM

 

Judgment rendered and Memorandum
Opinion filed September 7, 2006.

Panel consists of Chief Justice
Hedges and Justices Yates and Seymore.

Do not publish C Tex.
R. App. P. 47.2(b).