Affirmed and Memorandum Opinion filed March 6, 2008








Affirmed
and Memorandum Opinion filed March 6, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00286-CR

NO. 14-06-00287-CR

____________

 

ALFRED EDWARD JOHNSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
209th District Court

Harris County,
Texas

Trial Court Cause
Nos. 785,382 & 785,381

 



 

M E M O R
A N D U M   O P I N I O N








These
are appeals from judgments signed March 28, 2006, revoking appellant=s community supervision and
sentencing him to confinement for ten months in the State Jail Division of the
Texas Department of Criminal Justice.  In 1999, appellant was convicted of
criminal nonsupport of his two children.  In each case, he was originally
sentenced to confinement for two years in a state jail facility, probated for
five years.  See Johnson v. State, Nos. 14-99-01130-CR & 14-99-01131-CR,
2001 WL 1218412 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d) (not designated for publication). 


Appellant
is not indigent and is represented by retained counsel.  Appellant=s brief was originally due July 26, 2006,
over one year ago.  On October 13, 2006, appellant filed a motion
requesting that we abate these appeals for a period of sixty days so that the
trial court could consider his application for writ of habeas corpus
collaterally attacking his convictions, which has been pending since 2002. 
See Tex. Code Crim. Proc. Ann..
art. 11.072, ' 1 (establishing procedure for seeking habeas corpus relief in cases
where community supervision is ordered); Tex.
Code Crim. Proc. Ann. art. 11.07, ' 3 (establishing procedure for
application for writ of habeas corpus seeking relief Aafter final conviction in any felony
case@).  We granted the motion and abated
the appeal.

More
than sixty days passed and the parties did not advise this court of the status
of appellant=s writ.  On January 26, 2007, the court notified the parties that the
appeals would be reinstated unless any party filed a response demonstrating
grounds for continuing the abatement.  No response was filed.  Accordingly, we
reinstated the appeals and set appellant=s brief due March 30, 2007.  We
granted appellant another extension of time until June 4, 2007.  When this
extension was granted, the court noted that no further extensions would be
granted.  








On June
27, 2007, appellant filed a further motion for extension of time to file
appellant=s brief, seeking an additional 90-day delay so that the trial court may
rule on appellant=s application for writ of habeas corpus.  We denied the
request and ordered counsel to file appellant=s brief.  No brief was filed. 
Pursuant to Texas Rule of Appellate Procedure 38.8(b), we directed the trial
court to conduct a hearing to determine why no brief was filed and whether
counsel should be held in contempt of court.  The trial court made the
requested findings, declined to hold counsel in contempt of court and granted
appellant 90 days, or until December 13, 2007, to file appellant=s brief.  Again, no brief was filed. 
Instead appellant filed a further motion to abate the appeals or in the
alternative to extend time to file the brief until his habeas proceeding has
not only been decided by the trial court, but also until after final
disposition by the Court of Criminal Appeals at some unknown future date.  We
denied the motion.

Rule
38.8 provides that we will not dismiss or consider an appeal without briefs
unless it is shown the appellant no longer desires to prosecute his appeal or
that he is not indigent and has failed to make necessary arrangements for
filing a brief.  It is clear that the rule was designed to protect an indigent
appellant from the failure of his appointed counsel to provide a brief.  The
rule further provides that under appropriate circumstances, Athe appellate court may consider the
appeal without briefs, as justice may require.@  Tex.
R. App. P. 38.8 (b)(4).

A
hearing has already been held as required under Rule 38.8.  Appellant is not
indigent and is represented by retained counsel.  Because the trial court has
already held one hearing to make the findings required under Rule 38.8, and we
can find nothing in the rules or case law which requires this court to once again
send this matter back to the trial court, we decline to do so.  Therefore, on
January 17, 2008, we ordered appellant to file a brief in these appeals on or
before February 19, 2008.  In our order, we advised appellant that if he failed
to file his brief, we would decide the appeals on the record before the court. 
See Lott v. State, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (affirming
conviction on record alone where appellant failed to file a pro se brief after
being properly admonished); Coleman v. State, 774 S.W.2d 736, 738-39
(Tex. App.BHouston [14th Dist.] 1989, no pet.) (holding that former rule 74(l)(2)
(now Rule 38.8(b)) permitted an appeal to be considered without briefs Aas justice may require@ when a pro se appellant has not
complied with the rules of appellate procedure).








Appellant
has not complied with our order of January 17, 2008.  While we believe that no
accused should be denied his right of appeal, we also believe that Ajustice requires@ that the exercise of this right of
appeal must be held within the framework of the rules of appellate procedure.  See
Coleman, 774 S.W.2d at 738-39.  We also believe that requiring any
appellant to follow the rules does not infringe upon his right of appeal.  See
id.  We therefore find that justice requires that these appeal be
determined without briefs.

This
court has reviewed the entire record brought forth in these appeals.  By
stipulations signed March 28, 2006, the date the revocation judgments were
signed, appellant judicially confessed to the violations of his probation
alleged in the State=s motions.  He entered a plea of true in each case, but he
reserved his right to appeal.  

We find
no reversible error.  Accordingly, the judgments of the trial court are
affirmed.

 

PER
CURIAM

 

Judgment rendered and Memorandum
Opinion filed March 6, 2008.

Panel consists of Chief Justice
Hedges and Justices Anderson and Boyce. 

Do not publish - Tex. R. App. P. 47.2(b).