Affirmed and Memorandum Opinion filed April 24, 2008








Affirmed
and Memorandum Opinion filed April 24, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01072-CR

 

____________

 

HASSAN HOTEIT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
174th District Court

Harris County,
Texas

Trial Court Cause
No. 1076531

 



 

M E M O R A N D U M   O P I N I O N

Appellant was convicted of felony racing on the highway. 
On August 23, 2006, the court sentenced appellant to confinement for ten years
in the Institutional Division of the Texas Department of Criminal Justice,
probated for ten years and assessed a $10,000 fine.  Appellant filed a motion
for new trial on September 22, 2006.  Appellant=s notice of appeal
was filed November 17, 2006.  








Appellant is represented by retained counsel in this
appeal.  The clerk=s record was filed December 13, 2006. 
Although it was due on December 20, 2006, the reporter=s record was not
filed.  The court reporter notified this court that appellant had not made
payment arrangements for preparation of the record.  Accordingly, on January
18, 2007, this court notified appellant that unless he provided proof of
payment for preparation of the record within 15 days, the court would consider
and decide the appeal without the benefit of a reporter=s record.  

On February 6, 2007, the court reporter notified this court
that a down payment for the record had been made, and she requested an
extension of time to file the record.  The court granted an extension of time
until April 6, 2007, but noted that no further extensions would be granted.  

The record was not filed, and the court reporter notified
this court that no further payments had been made.  Therefore, on May 10, 2007,
the court ordered appellant to provide proof of payment for preparation of the
record within 15 days or the court would consider the appeal without the
benefit of the reporter=s record.  No response to this court=s order was
filed.  On May 31, 2007, the court ordered appellant=s retained counsel
to file the brief in this appeal on or before July 2, 2007.

We granted an extension of time to file appellant=s brief until August
13, 2007.  No brief was filed.  On August 22, 2007, this court notified
appellant=s counsel that no brief had been filed.  No response
was filed.  We then abated the appeal and ordered a hearing in the trial
court.  Appellant=s counsel did not appear at the hearing. 
On October 25, 2007, we reinstated the appeal and ordered appellant=s counsel to file
a brief on or before November 26, 2007.  Appellant filed a further motion for a
90-day extension of time.  No brief was filed.  We denied the request and
ordered counsel to file a brief in this appeal on or before January 28, 2008,
effectively granting appellant a sixty-day extension.  Again, no brief or
further request for an extension of time was filed.








Therefore, on February 28, 2008, we ordered appellant=s retained counsel
to file a brief in this appeal on or before March 31, 2008.  The order stated
that no further extensions of time would be granted and warned that if counsel
did not timely file the brief as ordered, the court would consider and decide
the appeal on the record without the benefit of appellant=s brief.  See
Lott v. State, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (affirming
conviction on record alone where appellant failed to file a pro se brief after
being properly admonished); Coleman v. State, 774 S.W.2d 736, 738-39
(Tex. App.BHouston [14th Dist.] 1989, no pet.) (holding that
former rule 74(l)(2) (now Rule 38.8(b)) permitted an appeal to be
considered without briefs Aas justice may require@ when a pro se appellant has not
complied with the rules of appellate procedure).  No brief was filed.  

Rule
38.8 provides that we will not dismiss or consider the appeal without briefs
unless it is shown the appellant no longer desires to prosecute his appeal or
that he is not indigent and has failed to make necessary arrangements for
filing a brief.  It is clear that the rule was designed to protect an indigent
appellant from the failure of his appointed counsel to provide a brief.  The rule further
provides that under appropriate circumstances, Athe appellate
court may consider the appeal without briefs, as justice may require.@  Tex. R. App. P. 38.8 (b)(4).

A hearing has already been held as required under Rule
38.8, but appellant=s retained counsel failed to appear at the
hearing.  We decline to order a second hearing in the trial court.  Appellant
has not complied with our order of February 28, 2008.  Pursuant to that order,
no further extensions of time will be granted.








While we believe that no accused should be denied his right
of appeal, we also believe that Ajustice requires@ that the exercise
of this right of appeal must be held within the framework of the rules of
appellate procedure.  See Coleman, 774 S.W.2d at 738-39.  We also
believe that requiring any appellant to follow the rules does not infringe upon
his rights of appeal.  See id.  We therefore find that justice requires
that this appeal be determined without a brief.

This court has reviewed the entire record brought forth in
this appeal and we find no reversible error.  Accordingly, the judgment of the
trial court is affirmed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed April 24, 2008.

Panel consists of Chief Justice
Hedges and Justices Fowler and Boyce. 

Do Not Publish C Tex. R.
App. P. 47.2(b).