**Order filed October 4, 2011.**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-10-00668-CR**
**NO. 14-10-00669-CR**

_____

**WILLIAM DAVID GOLDEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1165978 & 1165979**

## ORDER

Appellant is not represented by counsel. Appellant's brief was originally due on January 3, 2011, but has not been filed. On June 13, 2011, time to file appellant's brief expired without a brief and no motion for extension of time was filed. *See* Tex. R. App. P. 38.6(a).

Accordingly, on July 7, 2011, pursuant to Texas Rule of Appellate Procedure 38.8(b), this Court ordered the judge of the 176th District Court to immediately conduct a hearing to determine (a) whether appellant desires to prosecute his appeal; (b) whether appellant is indigent; (c) if not indigent, whether retained counsel has abandoned the

appeal or whether appellant has failed to make necessary arrangements for filing a brief. A record of that hearing was filed with this Court on August 19, 2011. At the hearing the trial court found that appellant was capable and willing to represent himself.

More than one year has now passed since appellant was sentenced, and no appellate brief has been filed. This court has been very lenient with the appellant, recognizing he is at a disadvantage representing himself. Although the appellant has had ample time in which to prepare his brief, he has failed to do so. This court has now reached the inescapable conclusion that the appellant will not file a meaningful brief in this appeal.

Rule 38.8 provides that we will not dismiss or consider the appeal without briefs unless it is shown the appellant no longer desires to prosecute his appeal or that he is not indigent and has failed to make necessary arrangements for filing a brief. It is clear that the rule was designed to protect an indigent appellant from the failure of his appointed counsel to provide a brief. A hearing has already been held as required under Rule 38.8. Because the trial court has already held one hearing to make the findings required under Rule 38.8, and we can find nothing in the rules or case law which requires this court to once again send this matter back to the trial court, we decline to do so. Therefore, we issue the following order:

We order appellant to file a brief in this appeal on or before November 3, 2011. If appellant fails to file his brief, we will decide this appeal upon the record before the Court. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (affirming conviction on record alone where appellant failed to file a pro se brief after being properly admonished); *Coleman v. State*, 774 S.W.2d 736, 738-39 (Tex. App.–Houston [14th Dist.] 1989, no pet.) (holding that former rule 74(*l*)(2) (now Rule 38.8(b)) permitted an appeal to be considered without briefs "as justice may require" when a pro se appellant has not complied with the rules of appellate procedure).

PER CURIAM

2