**Order filed July 10, 2014**



In The

# Fourteenth Court of Appeals

————————

NO. 14-13-00959-CR

————————

**ROBERT DALE HARGER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1383086**

## ORDER

Appellant is represented by retained counsel, Jon P. Thomas. No brief has been filed. The trial court has previously determined that appellant is not indigent for purposes of appointment of counsel on appeal. Rule 38.8 provides that we will not dismiss or consider the appeal without briefs unless it is shown the appellant no longer desires to prosecute his appeal or that he is not indigent and has failed to make necessary arrangements for filing a brief. Tex. R. App. P. 38.8. The rule further provides that under appropriate circumstances, "the appellate court may

consider the appeal without briefs, as justice may require." Tex. R. App. P. 38.8 (b)(4).

A hearing has already been held as required under Rule 38.8. At that hearing, appellant's counsel agreed to file a brief on or before June 16, 2014. Notice was sent to counsel that the brief was past due, but appellant has not filed a brief. Because the trial court has already held one hearing to make the findings required under Rule 38.8, and we can find nothing in the rules or case law that requires this court to send this matter back to the trial court a second time, we decline to do so.

Therefore, we ORDER appellant to file a brief in this appeal on or before August 14, 2014. If appellant fails to file a brief as ordered, we will decide this appeal upon the record before the court. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (affirming conviction on record alone where appellant failed to file a pro se brief after being properly admonished); *Coleman v. State*, 774 S.W.2d 736, 738–39 (Tex. App.—Houston [14th Dist.] 1989, no pet.) (holding that former rule 74(*l*)(2) (now Rule 38.8(b)) permitted an appeal to be considered without briefs "as justice may require" when a pro se appellant has not complied with the rules of appellate procedure).

PER CURIAM