**Order filed December 11, 2014**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00179-CR
_____

**MATTHEW JOSEPH OLIVEIRA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 7**
**Harris County, Texas**
**Trial Court Cause No. 1934280**

---

## ORDER

Appellant is not represented by counsel. The trial court has previously determined that appellant is not entitled to appointment of counsel on appeal. No reporter's record or brief has been filed. Rule 38.8 provides that we will not dismiss or consider the appeal without briefs unless it is shown the appellant no longer desires to prosecute his appeal or that he is not indigent and has failed to make necessary arrangements for filing a brief. Tex. R. App. P. 38.8. The rule was designed to protect an indigent appellant from the failure of his appointed counsel

to provide a brief. The rule further provides that under appropriate circumstances, "the appellate court may consider the appeal without briefs, as justice may require." Tex. R. App. P. 38.8 (b)(4).

The trial court has already held two hearings at the direction of this court. Despite having received notice from the court coordinator, appellant failed to appear at the most recent hearing scheduled December 1, 2014. Because the trial court has already held one hearing to make the findings required under Rule 38.8, and we can find nothing in the rules or case law that requires this court to once again send this matter back to the trial court, we decline to do so.

Therefore, we ORDER appellant to file a brief in this appeal on or before January 12, 2015. If appellant fails to file his brief as ordered, we will decide this appeal upon the record before the Court. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (affirming conviction on record alone where appellant failed to file a pro se brief after being properly admonished); *Coleman v. State*, 774 S.W.2d 736, 738–39 (Tex. App.—Houston [14th Dist.] 1989, no pet.) (holding that former rule 74(*l*)(2) (now Rule 38.8(b)) permitted an appeal to be considered without briefs "as justice may require" when a pro se appellant has not complied with the rules of appellate procedure).

PER CURIAM