**Order filed June 25, 2015**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-15-00145-CR
_____

**DAVID EARL SWEED, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 335th District Court
Washington County, Texas
Trial Court Cause No. 14907**

## ORDER

Appellant is not represented by counsel. On May 19, 2015, this court abated the appeal to determine whether appellant was entitled to appointed counsel on appeal. The trial court held a hearing and determined that appellant desires to represent himself on appeal.

No brief has been filed. Rule 38.8 provides that we will not dismiss or consider the appeal without briefs unless it is shown the appellant no longer desires

to prosecute his appeal or that he is not indigent and has failed to make necessary arrangements for filing a brief. Tex. R. App. P. 38.8. It is clear that the rule was designed to protect an indigent appellant from the failure of his appointed counsel to provide a brief. The rule further provides that under appropriate circumstances, "the appellate court may consider the appeal without briefs, as justice may require." Tex. R. App. P. 38.8 (b)(4).

A hearing has already been held as required under Rule 38.8. Because the trial court has already held one hearing to make the findings required under Rule 38.8, and we can find nothing in the rules or case law that requires this court to once again send this matter back to the trial court, we decline to do so.

Therefore, we REINSTATE the appeal and ORDER appellant to file a brief in this appeal on or before July 27, 2015. If appellant fails to file his brief as ordered, we will decide this appeal upon the record before the court. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (affirming conviction on record alone where appellant failed to file a pro se brief after being properly admonished); *Coleman v. State*, 774 S.W.2d 736, 738–39 (Tex. App.—Houston [14th Dist.] 1989, no pet.) (holding that former rule 74(*l*)(2) (now Rule 38.8(b)) permitted an appeal to be considered without briefs "as justice may require" when a pro se appellant has not complied with the rules of appellate procedure).


PER CURIAM