**Motions Denied; Order filed July 30, 2015**



In The

# Fourteenth Court of Appeals

_____

NO. 14-15-00112-CR
NO. 14-15-00113-CR

_____

**JOSHUA FESELIER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause Nos. 1390943 & 1452064**

---

## ORDER

Appellant appeals his convictions for prostitution and sexual assault of a child 14 to 17 years of age. On June 4, 2015, this court granted retained counsel's motion to withdraw, which was filed on the grounds that appellant "fired" counsel. Because the court reporter for the 232nd District Court notified this court that no payment had been made for the reporter's record, on June 23, 2015, this court abated the appeals to determine whether appellant desires to prosecute his appeals,

whether he is indigent, and whether he is entitled to a free record and/or appointment of counsel on appeal.

On July 3, 2015, appellant filed his first motion for appointment of counsel on appeal in cause number 14-15-00112-CR.[1] On July 10, 2015, the trial court held a hearing pursuant to this court's abatement order. The trial court arranged a video conference to permit appellant to participate in the hearing. Officer Jeff Jacoway, a law librarian officer at the Texas Department of Criminal Justice, appeared at the hearing via video conference. Jacoway informed the trial court that he went to appellant's cell, informed appellant of the hearing, attempted to take appellant to the law library to attend the hearing via video, but appellant refused to attend. Jacoway informed the court that appellant was physically able to attend, but refused to attend the hearing.

At the conclusion of the hearing, the trial court stated on the record that appellant posted $80,000 worth of cash bonds prior to his conviction. The trial court appointed appellant an attorney at trial despite the court's finding that appellant was not indigent. The trial court found appellant was not indigent.

On July 20, 2015,[2] appellant filed his second motion for appointment of counsel on appeal in cause number 14-15-00112-CR. On July 22, 2015, the trial court clerk filed the trial court's findings of fact and conclusions of law in both cause numbers pursuant to this court's abatement order. In those findings and conclusions, signed July 10, 2015, the trial court found that "[a]ppellant refused to participate in today's video-conference. Therefore, this Court finds that he does not desire to prosecute his appeal." The trial court further found that appellant is not

---

[1] Appellant has not filed any motions in 14-15-00113-CR; because the appeals are consolidated, we consider appellant's motions in both cause numbers.

[2] The motion was signed by appellant on July 15, 2015, five days after the hearing.

indigent and not entitled to a free record or appointed counsel on appeal.

Because the trial court has already held a hearing on the issue of whether appellant is entitled to appointment of counsel, we reinstate the appeal, and deny appellant's motions for appointment of counsel. We further order appellant to file a brief in this appeal on or before August 28, 2015. If appellant fails to file his brief as ordered, we will decide this appeal upon the record before the court. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (affirming conviction on record alone where appellant failed to file a pro se brief after being properly admonished); *Coleman v. State*, 774 S.W.2d 736, 738–39 (Tex. App.—Houston [14th Dist.] 1989, no pet.) (holding that former rule 74(*l*)(2) (now Rule 38.8(b)) permitted an appeal to be considered without briefs "as justice may require" when a pro se appellant has not complied with the rules of appellate procedure).

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).