**Motion Denied; Order filed December 3, 2015**



In The

# Fourteenth Court of Appeals

_____

NO. 14-15-00112-CR
NO. 14-15-00113-CR
_____

**JOSHUA FESELIER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause Nos. 1390943 & 1452064**

## ORDER

Appellant appeals his convictions for prostitution and sexual assault of a child 14 to 17 years of age. On June 4, 2015, this court granted retained counsel's motion to withdraw, which was filed on the grounds that appellant "fired" counsel. Because the court reporter for the 232nd District Court notified this court that no payment had been made for the reporter's record, on June 23, 2015, this court abated the appeals to determine whether appellant desires to prosecute his appeals,

whether he is indigent, and whether he is entitled to a free record and/or appointment of counsel on appeal.

On July 3, 2015, appellant filed his first motion for appointment of counsel on appeal. On July 10, 2015, the trial court held a hearing pursuant to this court's abatement order. The trial court arranged a video conference to permit appellant to participate in the hearing. Officer Jeff Jacoway, a law librarian officer at the Texas Department of Criminal Justice, appeared at the hearing via video conference. Jacoway informed the trial court that he went to appellant's cell, informed appellant of the hearing, attempted to take appellant to the law library to attend the hearing via video, but appellant refused to attend. Jacoway informed the court that appellant was physically able to attend, but refused to attend the hearing.

The trial court found on the record that appellant posted $80,000 worth of cash bonds prior to his convictions. The trial court appointed appellant an attorney at trial despite the court's finding that appellant was not indigent. At the conclusion of the hearing, the trial court found appellant was not indigent for purposes of appeal.

On July 30, 2015, this court denied appellant's motions for appointment of counsel and ordered appellant to file a brief on or before August 28, 2015. This court subsequently granted three motions for extension of time to file appellant's brief to November 30, 2015. On November 10, 2015, appellant filed a motion requesting review of the trial court's decision on indigence.

The Court of Criminal Appeals has adopted a two-step process to guide courts in making indigence determinations for purposes of a free record for appeal. *McFatridge v. State*, 309 S.W.3d 1, 6 (Tex. Crim. App. 2010). First, the defendant must make a prima facie showing of indigence. *Id.* Once the defendant satisfies this initial burden of production, the burden then shifts to the State to show that the

defendant is not, in fact, indigent. *Id.*

The trial court held a hearing on the issue of whether appellant is entitled to appointment of counsel. Appellant did not appear at the hearing and did not make a prima facie showing of indigence. Accordingly, we affirm the trial court's finding on indigence.

We order appellant to file a brief in this appeal on or before December 30, 2015. If appellant fails to file his brief as ordered, we will decide this appeal upon the record before the court. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (affirming conviction on record alone where appellant failed to file a pro se brief after being properly admonished); *Coleman v. State*, 774 S.W.2d 736, 738–39 (Tex. App.—Houston [14th Dist.] 1989, no pet.) (holding that former rule 74(*l*)(2) (now Rule 38.8(b)) permitted an appeal to be considered without briefs "as justice may require" when a pro se appellant has not complied with the rules of appellate procedure).

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Wise.