**Appeal Reinstated; Order filed April 19, 2016**



In The

# Fourteenth Court of Appeals

———————

## NO.  14-15-00934-CR

———————

### EX PARTE BRENT WAYNE JUSTICE, Appellant

**On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 1385768**

## ORDER

This is an appeal from the denial of an application for writ of habeas corpus. Appellant is not represented by counsel. No brief has been filed. It is a well-established principle of federal and state law that no constitutional right to counsel exists on a writ of habeas corpus. *Ex parte Graves*, 70 S.W.3d 103, 110 (Tex. Crim. App. 2002). On February 5, 2016, this appeal was abated. The appeal is reinstated and the court issues the following order:

Pursuant to Texas Rule of Appellate Procedure 31.1, we ORDER appellant to file a brief in this appeal on or before **May 4, 2016**.  If appellant fails to file his brief as ordered, we will decide this appeal upon the record before the Court.  *See Lott v.*

*State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (affirming conviction on record alone where appellant failed to file a pro se brief after being properly admonished); *Coleman v. State*, 774 S.W.2d 736, 738–39 (Tex. App.—Houston [14th Dist.] 1989, no pet.) (holding that former rule 74(*l*)(2) (now Rule 38.8(b)) permitted an appeal to be considered without briefs "as justice may require" when a pro se appellant has not complied with the rules of appellate procedure).


PER CURIAM