**Order filed June 16, 2016**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-15-00838-CR

_____

**GEORGIA LOVETT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 5
Harris County, Texas
Trial Court Cause No. 2008856**

---

## ORDER

Appellant is not represented by counsel. The trial court has previously determined that appellant is not indigent for purposes of appointment of counsel on appeal. Appellant expressed the desire to continue here appeal and represent herself. No brief has been filed. Rule 38.8 provides that we will not dismiss or consider the appeal without briefs unless it is shown the appellant no longer desires to prosecute her appeal or that she is not indigent and has failed to make necessary arrangements for filing a brief. Tex. R. App. P. 38.8. The rule further provides that under

appropriate circumstances, "the appellate court may consider the appeal without briefs, as justice may require." Tex. R. App. P. 38.8 (b)(4).

A hearing has already been held as required under Rule 38.8. Because the trial court has already held one hearing to make the findings required under Rule 38.8, and we can find nothing in the rules or case law which requires this court to once again send this matter back to the trial court, we decline to do so.

Therefore, we ORDER appellant to file a brief in this appeal on or before **July 13, 2016**. If appellant fails to file her brief as ordered, we will decide this appeal upon the record before the court. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (affirming conviction on record alone where appellant failed to file a pro se brief after being properly admonished); *Coleman v. State*, 774 S.W.2d 736, 738–39 (Tex. App.—Houston [14th Dist.] 1989, no pet.) (holding that former rule 74(*l*)(2) (now Rule 38.8(b)) permitted an appeal to be considered without briefs "as justice may require" when a pro se appellant has not complied with the rules of appellate procedure).

PER CURIAM