**Order filed August 14, 2018**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-18-00157-CR

———————

## ARTHUR CHRISTOPHER TATUM, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 271613**

---

## ORDER

Appellant is not represented by counsel. Appellant is appealing from the denial of his motion for DNA testing. Appellant is not entitled to appointed counsel unless reasonable grounds exist for the filing of the motion for post-conviction DNA testing. *See Ex parte Gutierrez*, 337 S.W.3d 883, 891–92 (Tex. Crim. App. 2011). The trial court has previously determined that appellant did not set out any fact or allegations to support a finding that DNA testing and appointment of an attorney are reasonable. No brief has been filed. Rule 38.8 provides that "the appellate court may

consider the appeal without briefs, as justice may require." Tex. R. App. P. 38.8 (b)(4).

A hearing has already been held as required under Rule 38.8. Because the trial court has already held one hearing to make the findings required under Rule 38.8, and we can find nothing in the rules or case law that requires this court to once again send this matter back to the trial court, we decline to do so.

Therefore, we ORDER appellant to file a brief in this appeal on or before September 12, 2018. If appellant fails to file his brief as ordered, we will decide this appeal upon the record before the court. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (affirming conviction on record alone where appellant failed to file a pro se brief after being properly admonished); *Coleman v. State*, 774 S.W.2d 736, 738–39 (Tex. App.—Houston [14th Dist.] 1989, no pet.) (holding that former rule 74(*l*)(2) (now Rule 38.8(b)) permitted an appeal to be considered without briefs "as justice may require" when a pro se appellant has not complied with the rules of appellate procedure).

PER CURIAM