**Order filed October 1, 2019**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-19-00555-CR**

_____

**EX PARTE HENRY EARL ESTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 1516620**

---

## ORDER

This is an appeal from the denial of an application for writ of habeas corpus. In the proceeding below, appellant was determined to be indigent and appointed counsel. Appellant waived his right to counsel and the trial court held a *Faretta* hearing. *See Faretta v. California*, 422 U.S. 806, 835 (1975). The trial court determined appellant could proceed pro se.

On appeal, appellant continues to represent himself pro se. Appellant has not filed a brief. Appellant's brief was due August 8, 2019. On August 15, 2019, this court sent appellant notice that his brief was late. No brief or response has been filed. It is a well-established principle of federal and state law that no constitutional right to counsel exists on a writ of habeas corpus. *Ex parte Graves*, 70 S.W.3d 103, 110 (Tex. Crim. App. 2002).

Pursuant to Texas Rule of Appellate Procedure 31.1, we ORDER appellant to file a brief in this appeal on or before **October 31, 2019**. If appellant fails to file his brief as ordered, we will decide this appeal upon the record before the Court. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (affirming conviction on record alone where appellant failed to file a pro se brief after being properly admonished); *Coleman v. State*, 774 S.W.2d 736, 738–39 (Tex. App.—Houston [14th Dist.] 1989, no pet.) (holding that former rule 74(*l*)(2) (now Rule 38.8(b)) permitted an appeal to be considered without briefs "as justice may require" when a pro se appellant has not complied with the rules of appellate procedure).

PER CURIAM

Panel Consists of Justices Jewell, Bourliot, and Zimmerer.