# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00133-CR

**John Wesley Covington, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 3 OF COMAL COUNTY
### NO. 2020CR0858, THE HONORABLE DEBORAH WIGINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant John Wesley Covington was charged with the offense of misdemeanor assault causing bodily injury, family violence. *See* Tex. Penal Code § 22.01(a)(1). Covington proceeded pro se to a jury trial. After the jury found Covington guilty of the charged offense and assessed a punishment of confinement for one year in county jail plus a $1,200 fine, the trial court entered a judgment of conviction in accordance with the jury's verdict. Covington retained counsel, who filed a notice of appeal on February 24, 2023.

Covington's brief was originally due May 15, 2023, but no brief was filed. Covington's counsel requested and received three extensions of time to make arrangements to pay for the reporter's record and to file the brief and then filed a motion to withdraw because Covington was unable to pay for the record and for counsel's full fee. We granted counsel's motion to withdraw, abated the appeal, and remanded this cause for the trial court's ruling on whether Covington was indigent. *Covington v. State*, No. 03-23-00133-CR, 2024 WL 479225, at

*1 (Tex. App.—Austin Feb. 8, 2024, no pet.) (mem. op., not designated for publication). We reinstated this cause after the trial court signed an order denying Covington's request for indigency status and noting that Covington had not filed any affidavit or other documentation supporting his indigency claim. Our reinstatement notice cautioned Covington that if the reporter's record was not filed, the appeal could be decided on the issues or points not requiring a reporter's record. *See* Tex. R. App. P. 37.3(c). Afterward, Covington requested and received additional time to make arrangements to pay for the reporter's record and to file his pro se brief, now due January 6, 2025, but we cautioned him that further requests for extension of time would be disfavored. On January 7, 2025, when Covington again requested additional time to file the reporter's record and his brief, we denied the motion and notified him that the case would be submitted without briefs and on the clerk's record alone.

Rule 38.8 of the Texas Rules of Appellate Procedure provides that, under certain circumstances, an appellate court in a criminal case may consider an appeal without briefs, "as justice may require." *Id.* R. 38.8(b)(4); *see* Tex. Code Crim Proc. art. 44.33(b) (stating that appellant's failure to file brief in time prescribed shall not authorize dismissal of, or refusal to consider, appellant's case on appeal); *Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (affirming conviction on record alone where appellant failed to file pro se brief after being properly admonished of dangers of pro se representation); *Coleman v. State*, 774 S.W.2d 736, 738–39 (Tex. App.—Houston [14th Dist.] 1989, no pet.) (affirming conviction on record alone, noting that no appellant's brief had been filed more than one year after trial, and stating that "justice requires" that exercise of right of appeal be held within framework of rules of appellate procedure).

2

The trial court properly admonished Covington about the dangers and disadvantages of self-representation before trial and, on remand, determined that Covington is not indigent. Despite lengthy extensions of time, Covington has not made the necessary arrangements for filing a brief. *See* Tex. R. App. P. 38.8(b)(4). Thus, we submitted the case without the benefit of briefs, and, after reviewing the record of this appeal, we have found no unassigned fundamental error. *See Lott*, 874 S.W.2d at 688 (affirming judgment after finding "no unassigned fundamental error"); *see also Saldano v. State*, 70 S.W.3d 873, 887-89 (Tex. Crim. App. 2002) (listing types of error that are fundamental). Accordingly, we affirm the trial court's judgment of conviction.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Affirmed

Filed: February 13, 2025

Do Not Publish

3