Alex Melvin WADE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–97–00904–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 12, 2000.

Alex Melvin Wade, Jr., Beeville, for appellant.

John B. Holmes, Calvin Hartmann, Houston, for State.

Panel consists of Justices O'CONNOR, HEDGES, and PRICE.*

## OPINION

PER CURIAM.

The appellant, Alex Melvin Wade, was convicted by a jury of forgery. The appellant pled true to the allegations contained in an enhancement paragraph of the indictment, and the jury assessed punishment at confinement for 20 years and a fine of $10,000. *See* Tex.Penal Code Ann. §§ 12.42(a)(3), 32.21 (Vernon Supp.2000).[1]

The court imposed sentence on April 30, 1997. The appellant filed a timely motion for new trial which the trial court denied on June 20, 1997. The appellant filed notice of appeal on July 29, 1997.

Both the clerk's record and the reporter's record were filed in this Court. However, no briefs have been filed.

The appellant's brief was originally due on May 7, 1998, 30 days after the reporter's record of the trial was filed in this Court. We notified the parties of that fact on April 6, 1998. On November 12, 1998, because the brief had not been filed and because the appellant's counsel advised this Court that the appellant wished to proceed pro se, we abated the appeal and remanded the case to the trial court for findings.

The trial court found that the appellant did not desire to proceed pro se and appointed counsel to represent the appellant on December 16, 1998. We reinstated the appeal on January 11, 1999, and ordered the appellant's brief due in 30 days, or February 10, 1999. Between February 1999 and December 1999, we granted a motion for extension of time to file the brief and motions for extension of time to file a supplemental volume of the reporter's record. We denied several pro se motions filed by the appellant.

On December 23, 1999, after having received a motion to withdraw as counsel filed by the appellant's appointed attorney, we abated the appeal and remanded the case to the trial court a second time. The hearing was conducted on January 20, 2000. The record of the hearing reflects that the trial court admonished the appellant at length concerning the dangers and disadvantages of self-representation. The court explained that if the appellant requested a lawyer, the court would appoint one for him. The appellant acknowledged that the court had appointed counsel for him previously. However, the appellant expressed an unequivocal desire to represent himself on appeal. The appellant stated on the record that he was 50 years of age, had studied the law for 26 years, and had represented himself in both state and federal courts in approximately 10 civil and criminal cases. The appellant represented himself in the trial of this case. Asked by the trial judge whether he felt competent to follow the rules of appellate

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. When this offense was committed in November 1992, forgery of a check, as in this case, was a third degree felony. *See* Penal Code, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex.Gen.Laws 883, 935. The enhancement paragraph increased the punishment range to that of a second degree felony.

procedure, the appellant stated that he had studied them for the last two years. The trial judge expressed his opinion that the appellant would probably not be allowed to personally present oral argument in an appellate court, and the appellant was not dissuaded from his desire to proceed pro se. The appellant waived his right to counsel on appeal. The trial court granted the appellant permission to represent himself in this appeal.

We reinstated the appeal on February 3, 2000. Based on the trial court's findings, we ordered that the appellant would be allowed to proceed pro se on appeal and that his brief was due on March 6, 2000. On February 11, 2000, we denied the appellant's motion for reversal of judgment or summary reversal, and again ordered his brief due on March 6, 2000. On March 9, 2000, and on March 16, 2000, we denied additional motions filed by the appellant, and ordered his brief due on April 10, 2000.

On April 13, 2000, the appellant filed a petition for discretionary review. The Court of Criminal Appeals dismissed the petition on June 28, 2000.

On July 13, 2000, this Court issued an order that the appellant's brief was due on or before August 14, 2000. No brief has been filed.

 Rule 38.8(b)(4) of the Texas Rules of Appellate Procedure provides, in pertinent part:

> If the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.

TEX.R.APP.P. 38.8(b)(4). The rule does not address the situation presented here, which was also faced by the Fourteenth Court of Appeals in *Coleman v. State*, 774 S.W.2d 736, 738–39 (Tex.App.—Houston [14th Dist.] 1989, no pet.). In that case, the court stated:

> Texas Rule of Appellate Procedure 74(*l*)(2) [2] provides that we will not dismiss or consider the appeal without briefs unless it is shown the appellant no longer desires to prosecute the appeal or that he is not indigent and has failed to make necessary arrangements for filing a brief. However, it is clear that the rule was designed to protect an indigent appellant from the failure of his *appointed counsel* to provide a brief. We do not believe the rule covers a situation where the appellant already has had appointed counsel, dismissed the counsel, the court has held a hearing on his motion to proceed pro se and the delay in filing appellant's brief was caused by appellant himself, not by appointed counsel. We therefore believe that this case is special, not heretofore encountered by this court or found in Texas case law. We believe it provides another exception to the rule. In setting forth the two exceptions under which the court can consider an appeal without a brief, the rule concludes with these four words: "as justice may require." While we believe that no accused should be denied his right of appeal, we also believe that "justice requires" that the exercise of his right of appeal must be held within the framework of the rules of appellate procedure. We also believe that requiring any appellant to follow the rules does not infringe upon his rights of appeal. We therefore find that justice requires that his appeal be determined without a brief.

*Id.* (Emphasis in original.) We agree with our sister court.

Only the record is presented for review. We have reviewed the record for fundamental error and find none. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex.Crim.App. 1994).

---

**2.** Former Rule 74(*l*) was the predecessor to Rule 38.8 of the Texas Rules of Appellate Procedure. *See* TEX.R.APP.P. 74(*l*), 49 Tex. B.J. 558, 579–80 (Tex.Crim.App.1986).

We affirm the judgment.

All pending motions are denied.