NO. 07-00-0419-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 20, 2001

_____

ALLEN EUGENE MOTE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW OF RANDALL COUNTY;

NO. 57,403-L; HONORABLE JOHN T. FORBIS, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Allen Eugene Mote has attempted to appeal from his conviction of the misdemeanor offense of record of fraudulent court and the resulting sentence of confinement in the Randall County Jail for 180 days and a fine of $500, probated for two years. Appellant represented himself during trial and filed a pro se notice of appeal. We previously abated this appeal because the clerk's record had not been filed and we had

been notified that appellant had failed to pay for preparation of the record. The trial court held a hearing and determined that appellant did not intend to abandon his appeal; however, he refused to aver he was indigent for purposes of appointing a lawyer on his behalf and committed himself to pay for the costs of a record from his own funds. The clerk's record and excerpts of the reporter's record were then filed.

Appellant subsequently failed to file a brief after being informed by this court that his brief was due by June 1, 2001. Because appellant was apparently asserting he was unable to obtain a copy of the trial court's record, we again abated the appeal to the trial court for a hearing. Although the court found that due notice of the hearing was given to appellant by both certified and regular first class mail, he failed to appear. The court also took judicial notice of a document filed by appellant in which he moved the court to "vacate their unlawful, premature hearing scheduled for August 30, 2001, at 8:30 A.M." and declared his intent to appeal the abatement order to the supreme court. After hearing testimony from a Randall County Deputy Clerk that she had given access to the clerk's record to appellant and that he had, in fact, reviewed the record, and testimony from the Official Court Reporter of the Randall County Court at Law that she had provided appellant with those portions of the reporter's record he requested, the court found that appellant did not intend to abandon his appeal but "does not intend to take meaningful action in furtherance thereof." The court further found no apparent reason for appellant's failure to file an appellate brief. Under these facts, we are authorized to consider the appeal without briefs, and we will proceed to do so. *See Wade v. State*, 31 S.W.3d 723, 725 (Tex.App.--

2

Houston [1st Dist.] 1998, pet. ref'd); *Coleman v. State*, 774 S.W.2d 736, 738 (Tex.App.--Houston [14th Dist.] 1989, no pet.).

The facts of this case, as discernible from the record before us, indicate that appellant was stopped for a traffic violation. As a result of that event, he served some sort of document demanding $31,301,000 from several Randall County Commissioners and other officials of Randall County, which was apparently not responded to by any government official. He thereafter prepared a document entitled, "Notice of Entry of Default Judgement Nihil Dicit" which purported to award him a judgment in that amount, and he attempted to file that document with the Randall County Clerk. No such judgment has been signed or entered by the court. He was subsequently charged with and convicted of the offense of fraudulent record of court, which is the subject of this appeal.

Only portions of the reporter's record have been requested by appellant and furnished to this court. Those include the hearing on a bill of particulars filed by appellant and a motion to transfer venue; a hearing on appellant's motion for continuance; the State's opening, closing, and rebuttal arguments during the guilt/innocence phase of trial; the testimony of one State's witness, David Blount, and the testimony of one witness for appellant, Jerry Herndon, during the guilt/innocence phase of the trial; the testimony of one witness, Kinan Burk, during the punishment phase of trial; and sentencing. No trial exhibits have been furnished to this court and therefore we are without benefit of the

3

document which is the subject of the charge against appellant. Moreover, as already stated, no contentions of error are before us for review.

At the pretrial hearing on the failure of the State to respond to appellant's demand for a bill of particulars, the record shows that the bill of particulars consisted of a series of questions that appellant wished the State to answer. Appellant was not able to cite any authority to the trial court supporting his position that the State was legally required to provide those responses, and the court overruled that motion. The court also overruled appellant's show cause petitions against two individuals requiring one to verify appellant's demand for bill of particulars and for a demonstration of another individual's mind reading capabilities.

Appellant filed a motion to change venue based on his not being able to obtain a fair trial because of the publication of an article by the Amarillo Globe News on May 11, 2000, and "numerous inflammatory news reports on the TV and radio stations." A motion to change venue is reviewed under an abuse of discretion standard. *Banda v. State*, 890 S.W.2d 42, 53 (Tex.Crim.App. 1994), *cert. denied,* 515 U.S. 1105, 115 S.Ct. 2253, 132 L.Ed.2d 260 (1995). The affidavits in support of appellant's motion refer specifically only to the May 11, 2000 article in the newspaper. The State contested the motion and offered a witness at the hearing, who was an attorney for the Potter County Attorney's Office, who testified he kept up with current affairs but had no knowledge of appellant or the crime with

which he was charged. The court found there was not sufficient evidence that appellant could not get a fair trial in Randall County.

A motion for continuance is also within the discretion of the trial court. *Heiselbetz v. State*, 906 S.W.2d 500, 511 (Tex.Crim.App. 1995). Appellant moved for continuance on the day of trial because he needed sufficient time to prepare for trial. In denying that motion, the court noted that the complaint was filed on May 10, 2000, and that appellant had been free on bond. The court also noted the case had been set previously for trial on July 14. Appellant appeared on that day and, at that time, the trial was continued until August 7, 2000, at which time pretrial matters were heard. The trial itself was then continued to the following day. In response to appellant's assertions that he did not realize trial would begin immediately after pretrial motions were heard and that he was acting "pro se," the trial court reminded appellant that he had previously been told that if he could not afford an attorney, one would be appointed for him, or, alternatively, he could hire his own lawyer.

Our examination of the record reveals that appellant did not object to any portion of the State's argument or the testimony of its witnesses. We have also reviewed the complaint and the charge. In sum, our examination of the portion of the record before us does not show any fundamental error. That being so, we affirm the judgment of the trial court.

John T. Boyd
Chief Justice

Do not publish.