NO. 07-01-0429-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 26, 2002

_____

BRUCE LEE WEFER,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE COUNTY CRIMINAL COURT AT LAW NO. 3 OF HARRIS COUNTY;

NO. 1,034,841; HON. DONALD W. JACKSON, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]

Bruce Lee Wefer (appellant) appeals his conviction for driving while intoxicated. The conviction was based upon his plea of *nolo contendere*. The complete appellate record was filed by November 13, 2001. Therefore, his brief was due on December 13, 2001. It was not filed. Instead, appellant's retained counsel of record moved to withdraw, which motion was granted on February 21, 2002. Furthermore, the briefing deadline was extended until April 22, 2002. After appellant failed to file a brief by that date, the cause was abated per Texas Rule of Appellate Procedure 38.8(b).

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002).

At the Rule 38.8(b) hearing before the trial court, appellant stated that he desired to pursue the appeal. Thus, the trial court adjourned the hearing to permit him to obtain alternate counsel. Approximately one month later, it reconvened the hearing. Appellant did not appear at the proceeding. Instead, Christopher Samuelson appeared and told the court that he had been appellant's counsel and that he had been allowed to withdraw. So too did he state that appellant failed to pay the entire fee due him. At that time, the court found that appellant 1) was not indigent and 2) had abandoned his appeal. We subsequently reinstated the cause on our docket and set October 21, 2002, as appellant's new briefing deadline.

Appellant did not file a brief by October 21, 2002. Instead, he informed this court by letter that he had "saved up enough money to have [his] lawyer file it." Given this, we extended the briefing deadline to November 21, 2002, and told appellant that if his brief was not filed by that time, the cause would be submitted on the record. November 21st passed, and no brief has been received to date.

Rule 38.8(b)(1) states that an "appellant's failure to timely file a brief does not authorize either dismissal of the appeal or, except as provided in [Rule 38.8(b)(4)] consideration of the appeal without briefs." In other words, while the court cannot dismiss the appeal when the appellant fails to timely brief the dispute, it may consider the cause without briefs if the terms of Rule 38.8(b)(4) are met. Those terms require either that "the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary arrangements for filing a brief . . . ." TEX. R. APP. PROC. 38.8(b)(4); *see Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (reviewing the record for fundamental error when appellant failed to file a brief

2

after notification of the default); *Wade v. State*, 31 S.W.3d 723, 724-25 (Tex. App.–Houston [1st Dist.] 2000, pet. ref'd) (doing the same); *Meza v. State*, 742 S.W.2d 708, 708-09 (Tex. App.–Corpus Christi 1987, no pet.) (doing the same and after the trial court determined that the appellant had abandoned the appeal).

As previously mentioned, appellant's briefing deadlines repeatedly have been extended. However, no brief has been filed in compliance with those extensions. More importantly, we remanded the proceeding per Texas Rule of Appellate Procedure 38.8(b)(2) to determine appellant's indigence, if any, and desire to pursue the appeal. Thereafter, the trial court held that appellant 1) was not indigent, 2) failed to arrange payment of the entire fee due his attorney, and 3) abandoned the appeal. To the extent that the trial court so concluded, that determination is tantamount to finding that prosecution of the appeal was no longer desired and that appellant failed to make the necessary arrangements to file the brief. And, appellant's failure to file a brief in compliance with the new deadlines established after abatement further evinces not only a continued desire to no longer appeal but also a continued failure to make the arrangements necessary to file a brief. Thus, we hold that the cause can be considered on the record and without briefs. *Lott v. State*, *supra*; *Wade v. State*, *supra*; *Meza v. State*, *supra*.

An independent review of the record was undertaken for reversible error. *Id.* None was found. Consequently, we affirm the judgment of the trial court.

Brian Quinn
Justice

Do not publish.

3