Vasquez v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-127-CR

FERNANDO VASQUEZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

Fernando Vasquez has appealed from the trial court’s judgment revoking his probation and sentencing him to three years’ confinement for felony driving while intoxicated.  We will affirm.

During the two-year pendency of this appeal, appellant has been represented by three different attorneys (two appointed and one retained), all of whom have moved to withdraw and two of whom have filed briefs explaining why they believe the appeal is frivolous.  This appeal is not subject to the requirements of 
Anders v. California
(footnote: 2) because appellant’s most recent attorney was retained.
(footnote: 3)
 We allowed retained counsel to withdraw after he informed appellant of his conclusion that the appeal lacked merit.
(footnote: 4)  We also asked appellant to advise the court by April 19, 2005 whether he wished to file a pro se brief and informed him that, if he did not respond, the appeal would be considered without briefs.
(footnote: 5)  No response has been filed; therefore, we will consider the appeal without briefs.
(footnote: 6)

We have reviewed the record for fundamental error and find none.
(footnote: 7)  The indictment conferred jurisdiction on the trial court and provided appellant with sufficient notice to prepare a defense.
(footnote: 8)  Appellant knowingly and voluntarily pleaded true to two of the three allegations in the State’s petition to revoke his probation, and the punishment assessed is within the statutory range.
(footnote: 9) Therefore, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ.

DO NOT PUBLISH 

Tex. R. App. P.
 47.2(b)

DELIVERED: May 12, 2005

FOOTNOTES
1:
See 
Tex
. R. App. P.
 47.4.

2:
386 U.S. 738, 87 S. Ct. 1396 (1967).

3:
See Nguyen v. State,
 11 S.W.3d 376, 379 (Tex. App.—Houston [14th Dist.] 2000, no pet.); 
Mays v. State,
 904 S.W.2d 920, 923 n.1 (Tex. App.—Fort Worth 1995, no pet.)
.

4:
See McCoy v. Court of Appeals,
 486 U.S. 429, 437, 108 S. Ct. 1895, 1901 (1988).

5:
See
 
Tex. R. App. P.
 38.8(b)(4).

6:
See
 
Wade v. State,
 31 S.W.3d 723, 725 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d); 
Coleman v. State,
 774 S.W.2d 736, 738-39 (Tex. App.—Houston [14th Dist.] 1989, no pet.).

7:
See Lott v. State,
 874 S.W.2d 687, 688 (Tex. Crim. App. 1994); 
Wade,
 31 S.W.3d at 725.

8:
See
 Tex. Const. 
art. V, § 12; 
Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon 2005
); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

9:
See
 
Tex. Penal Code Ann.
 §§ 12.34(a), 49.04 (Vernon 2003), § 49.09(b)(2) (Vernon Supp. 2004-05).