COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-127-CR
  
  
FERNANDO VASQUEZ                                                           APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM CRIMINAL DISTRICT COURT 
NO. 3 OF TARRANT COUNTY
 
------------
 
MEMORANDUM 
OPINION[1]
 
------------
        Fernando 
Vasquez has appealed from the trial court’s judgment revoking his probation 
and sentencing him to three years’ confinement for felony driving while 
intoxicated.  We will affirm.
        During 
the two-year pendency of this appeal, appellant has been represented by three 
different attorneys (two appointed and one retained), all of whom have moved to 
withdraw and two of whom have filed briefs explaining why they believe the 
appeal is frivolous.  This appeal is not subject to the requirements of Anders 
v. California[2] because appellant’s most recent 
attorney was retained.[3]
        We 
allowed retained counsel to withdraw after he informed appellant of his 
conclusion that the appeal lacked merit.[4]  We 
also asked appellant to advise the court by April 19, 2005 whether he wished to 
file a pro se brief and informed him that, if he did not respond, the appeal 
would be considered without briefs.[5]  No 
response has been filed; therefore, we will consider the appeal without briefs.[6]
        We 
have reviewed the record for fundamental error and find none.[7]   
The indictment conferred jurisdiction on the trial court and provided appellant 
with sufficient notice to prepare a defense.[8]  
Appellant knowingly and voluntarily pleaded true to two of the three allegations 
in the State’s petition to revoke his probation, and the punishment assessed 
is within the statutory range.[9]  Therefore, we 
affirm the trial court’s judgment.
   
   
                                                                  PER 
CURIAM
 
 
 
PANEL F:   CAYCE, 
C.J.; DAUPHINOT and HOLMAN, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: May 12, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
386 U.S. 738, 87 S. Ct. 1396 (1967).
3.  
See Nguyen v. State, 11 S.W.3d 376, 379 (Tex. App.—Houston [14th Dist.] 
2000, no pet.); Mays v. State, 904 S.W.2d 920, 923 n.1 (Tex. App.—Fort 
Worth 1995, no pet.).
4.  
See McCoy v. Court of Appeals, 486 U.S. 429, 437, 108 S. Ct. 1895, 1901 
(1988).
5.  
See Tex. R. App. P. 
38.8(b)(4).
6.  
See Wade v. State 31 S.W.3d 723, 725 (Tex. App.—Houston [1st 
Dist.] 2000, pet. ref’d); Coleman v. State, 774 S.W.2d 736, 738-39 
(Tex. App.—Houston [14th Dist.] 1989, no pet.).
7.  
See Lott v. State, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994); Wade, 
31 S.W.3d at 725.
8.  
See Tex. Const. art. V, § 
12; Tex. Code Crim. Proc. Ann. art. 
4.05 (Vernon 2005); Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. 
App. 1997).
9.  
See Tex. Penal Code Ann. 
§§ 12.34(a), 49.04 (Vernon 2003), § 49.09(b)(2) (Vernon Supp. 2004-05).