IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,555-02






EX PARTE ALEX MELVIN WADE, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 729136 IN THE 179TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of forgery and
sentenced to twenty years' imprisonment. The First Court of Appeals affirmed Applicant's
conviction. Wade v. State, 31 S.W.3d 723 (Tex. App.-Houston [1st] 2000). 

 Applicant contends that he was arrested on a pre-revocation warrant on July 27, 2007, but
he has not been given a preliminary hearing. 

 The trial court has entered findings of fact and conclusions of law recommending that relief
be denied because Applicant remains on pre-revocation status and is also being held on other
charges. Tex Gov't Code § 508.254. However, the trial court did not consider whether Applicant
was given a timely preliminary hearing to determine that probable cause or reasonable grounds
existed which showed that he violated the conditions of his parole. Tex. Gov't Code § 508.2811. 
Due process requires that a preliminary hearing be held "as promptly as convenient" after a parolee
has been arrested on a pre-revocation warrant, to "determine whether there is probable cause or
reasonable ground to believe that the arrested parolee has committed the acts that would constitute
a violation of parole conditions." Morrissey v. Brewer, 408 U.S. 471, 485 (1972). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In addition, the trial court
shall order the Texas Board of Pardons and Paroles to file an affidavit explaining whether it has
given Applicant his constitutionally mandated preliminary hearing and, if not, its reasons for failing
to give Applicant such a hearing. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant has been given a
preliminary hearing and, if not, why he has not been given such a hearing. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 45 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 60 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: September 10, 2008

Do not publish