# NO. 12-11-00139-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CARL CURRY,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Appellant Carl Curry appeals his conviction for theft of livestock. We affirm on the record.

### PROCEDURAL BACKGROUND

A Smith County grand jury returned an indictment against Appellant alleging that he committed the offense of theft of ten or more head of cattle having an aggregate value of less than one hundred thousand dollars. The offense, as alleged, was a second degree felony because the indictment included an allegation that Appellant had a prior felony conviction.

**The Trial**

Initially, Appellant was represented by retained counsel. Counsel filed a motion to withdraw, which the trial court granted. After noticing the number of pro se filings in the case, the trial court conducted a hearing to determine whether Appellant wished to obtain new counsel. Appellant informed the court that he wanted to represent himself. After extensive explanation and questioning by the trial court, Appellant chose, and was allowed, to waive his right to counsel. During the same hearing, Appellant entered pleas of "not guilty" to the primary charge and "true" to the enhancement paragraph. The court then appointed standby counsel for Appellant to assist him

during subsequent hearings and at trial.

After jury selection and a two day trial, the jury found Appellant guilty as charged. The trial court assessed his punishment at imprisonment for twenty years and a ten thousand dollar fine.

**The Appeal**

Appellant timely filed a pro se notice of appeal, but the trial court appointed standby counsel on appeal. Immediately after the record was complete, Appellant notified this court that he was being denied adequate use of the law library and legal materials necessary to prepare his brief. During the next six months, Appellant filed five motions for extension of time to file his appellate brief citing inadequate access to the appellate record. All of these motions were granted. Ultimately, the trial court provided him with a copy of the record for use in preparing his brief.

Approximately three weeks after receiving his copy of the record, Appellant requested another extension of time. This motion was granted, and Appellant was given an additional sixty days to file his brief. He was informed, however, that no further extensions would be granted. Appellant did not file his brief by the extended deadline, and this court abated the appeal and remanded for the trial court to determine whether Appellant wanted appointed counsel. At that hearing, Appellant again asserted his constitutional right to self-representation. The trial court discharged Appellant's standby counsel after finding that Appellant was "using the said appointment to abuse the appellate process and attempting to manipulate the appeal deadlines." Based upon this finding, the trial court ordered that Appellant would continue his appeal without standby counsel. This court adopted the trial court's findings of fact and conclusions of law from that hearing. We also notified Appellant that his brief was due in thirty days and that this court would proceed with the appeal without his brief if it was not filed on or before the extended deadline. The deadline passed, and Appellant did not file a brief. Therefore, the appeal was submitted on the appellate record.

### SUBMISSION AND REVIEW WITHOUT A BRIEF

The rules of appellate procedure provide that an appellant's failure to timely file a brief in a criminal case does not authorize either dismissal of the appeal, or except as otherwise provided, consideration of the appeal without briefs. TEX. R. APP. P. 38.8(b)(1). The appeal may be considered without briefs "[i]f the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary arrangements

2

for filing a brief. . . ."  TEX. R. APP. P. 38.8(b)(4).  Neither of these circumstances are present here.

Rule 38.8(b)(4) was designed to protect an indigent appellant from the failure of his appointed counsel to file a brief.  *See **Coleman v. State***, 774 S.W.2d 736, 738 (Tex. App. –Houston [14th Dist.] 1989, no pet.) (applying predecessor to Rule 38.8(b)(4)).  But Rule 38.8(b)(4) does not address a situation where, as here, (1) the appellant has asserted his constitutional right to self-representation, (2) the trial court has held a hearing on the matter and allowed the appellant to proceed without counsel, and (3) the delay in filing the appellant's brief was caused by the appellant himself.  Other courts presented with the same or similar circumstances have concluded, either expressly or impliedly, that such circumstances provide another exception to the general prohibition against considering a criminal appeal without briefs.  *See, e.g., **Aguero v. State***, Nos. 14-05-00799-CR, 14-05-00800-CR, 14-05-00802-CR, 2006 WL 2560281, at *1 (Tex. App.–Houston [14th Dist.] Sept. 7, 2006, no pet.) (per curiam) (mem. op.) (not designated for publication) (applying Rule 38.8(b)(4); ***Wade v. State***, 31 S.W.3d 723, 724–25 (Tex. App.–Houston [1st Dist.] 2000, no pet.); ***Coleman***, 774 S.W.2d at 738–39; *see also **Lott v. State***, 874 S.W.2d 687, 687–88 (Tex. Crim. App. 1994) (submitting appeal without briefs where appellant was not indigent, but chose to represent himself on appeal and did not file a brief).  We agree with the reasoning of these courts, and will therefore consider this case without briefs.[1]

In the interest of justice, we have examined the record for fundamental error and have found none.  *See* TEX. R. APP. P. 38.8(b)(4); ***Lott***, 874 S.W.2d at 688.  Accordingly, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered April 24, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[1] The trial court has already determined that Appellant is indigent, is aware of his right to appointed counsel, and has exercised his right to self-representation.  We need not remand for further hearings on these matters because the trial court has fully admonished Appellant of the dangers and disadvantages of self-representation.  *See **Lott v. State***, 874 S.W.2d 687, 687–88 (Tex. Crim. App. 1994).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 24, 2013**

**NO. 12-11-00139-CR**

**CARL CURRY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th Judicial District Court

of Smith County, Texas. (Tr.Ct.No.007-1469-09)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*