

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00233-CR

STEPHEN ANDREW HALL                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Stephen Andrew Hall, pro se, appeals his conviction for DWI—felony repetition.  *See* Tex. Penal Code Ann. §§ 12.42(d), 49.04(a), 49.09(b)(2) (West Supp. 2012).  We will affirm.

One day in July 2011, a police officer stopped Hall's vehicle after observing him commit several traffic offenses.  Hall had alcohol on his breath;

---

[1]*See* Tex. R. App. P. 47.4.

watery, bloodshot eyes; and slurred speech. The officer conducted a field sobriety test and then arrested Hall for DWI. His blood alcohol content was .18. A grand jury later indicted Hall for DWI—felony repetition.

In the months leading up to his trial, Hall was represented by two different court-appointed attorneys. Eventually, however, the trial court allowed Hall to represent himself after he complained of irreconcilable conflicts with the second attorney.[2] Hall pleaded not guilty to the charged offense, but a jury ultimately convicted him, and the trial court sentenced him to forty-five years' confinement.

Hall timely filed a notice of appeal, and the trial court appointed appellate counsel for him. On July 12, 2012, this court abated and remanded the appeal to the trial court to consider Hall's request to proceed on appeal pro se. Hall informed the trial court that he wanted to represent himself on appeal, and the trial court ordered his court-appointed appellate counsel removed. Thereafter, Hall filed, and this court denied, numerous motions, including a "Motion For Understanding Of [Deceit] Out Of Necessity," a "Motion For Original Exhibits And Court Ordered Evidence To Be Made Available To Appeals Court," a "Motion For Appellate Court Assistance In Procuring Trial Records," a motion that we construed as a request to abate the appeal to the trial court to hold a hearing on alleged errors and deficiencies in the record, a "Motion For Notice And Hearing,"

---

[2]The trial court thoroughly informed Hall of the dangers and disadvantages of self-representation and found that he had knowingly and voluntarily waived his right to counsel.

2

and a "Motion To Cease All Stall Tactics So The Appellant Can Bring [Trial attorney] To Justice For Rewriting Transcripts." This court also abated the appeal to the trial court for a second time to consider issues related to Hall's motion for new trial.

On December 13, 2012, the court notified Hall that his appellate brief would be due on January 10, 2013. On January 15, 2013, the court granted Hall's motion for extension of time to file his brief and ordered the brief to be filed by February 11, 2013. On February 14, 2013, the court granted Hall's motion for extension of time to file his appellate brief and ordered the brief to be filed by March 13, 2013. On May 3, 2013, the court notified Hall that his brief had not been filed and that it would be due by May 13, 2013. On May 23, 2013, the court notified Hall that if he did not file his brief by June 10, 2013, the court would consider the appeal without briefs and review the case only for fundamental error. On June 24, 2013, the court issued an order stating that Hall had not filed an appellate brief and that the appeal would be submitted without oral argument on July 31, 2013.

Rule 38.8(b)(4) provides that an appellate court may consider an appeal without briefs "[i]f the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary arrangements for filing a brief." Tex. R. App. P. 38.8(b)(4). Rule 38.8(b)(4) protects an indigent appellant from the failure of his *appointed counsel*

3

to file a brief. *Coleman v. State*, 774 S.W.2d 736, 738–39 (Tex. App.—Houston [14th Dist.] 1989, no writ). The rule does not address the situation where, as here, the appellant has asserted his constitutional right to self-representation, the trial court has held a hearing on the matter and allowed the appellant to proceed without counsel, and the delay in filing the appellant's brief was caused by appellant. *See Curry v. State*, No. 12-11-00139-CR, 2013 WL 1760624, at *2 (Tex. App.—Tyler Apr. 24, 2013, no pet.) (mem. op., not designated for publication). Other appellate courts that have been confronted with this same set of circumstances have determined that they could consider the appeal without briefs. *See id.*; *see also Lott v. State*, 874 S.W.2d 687, 687–88 (Tex. Crim. App. 1994); *Aguero v. State*, Nos. 14-05-00799-CR, 14-05-00800-CR, 14-05-00802-CR, 2006 WL 2560281, at *1–2 (Tex. App.—Houston [14th Dist.] Sept. 7, 2006, no pet.) (mem. op., not designated for publication); *Wade v. State*, 31 S.W.3d 723, 725 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd). We agree with these courts and will consider this appeal without briefs.[3]

Having reviewed the record for fundamental error, and having found none, we affirm the trial court's judgment. *See Lott*, 874 S.W.2d at 688; *Josey v. State*,

---

[3]There is no need to abate and remand this case to the trial court again. *See Lott*, 874 S.W.2d at 688 n.2.

4

No. 02-11-00513-CR, 2013 WL 4507646 (Tex. App.—Fort Worth Aug. 22, 2013, no pet. h.) (mem. op., not designated for publication); *Wade*, 31 S.W.3d at 725.


BILL MEIER
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 12, 2013