In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00351-CR
_____

RONALD EDWIN DUNCAN, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the County Court at Law No. 4
Montgomery County, Texas
Trial Cause No. 13-286044

_____

MEMORANDUM OPINION

A jury found Ronald Edwin Duncan guilty of operating a motor vehicle without a valid driver's license in a trial de novo from the municipal court. *See* Tex. Transp. Code Ann. § 521.021 (West 2013). The trial court fined Duncan $200. *See id*. § 521.025(c). Duncan filed a notice of appeal but did not file a brief. *See* Tex. R. App. P. 25.2(b). On February 13, 2014, we notified Duncan that the appeal would be submitted to the Court on the record alone without briefs. *See*

Tex. R. App. P. 39.8. We have reviewed the record, and we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

Considering Appeal Without Briefs

"[T]he Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." *Scott v. Illinois*, 440 U.S. 367, 373-74 (1979). "An indigent defendant is entitled to have an attorney appointed to represent him in any adversary judicial proceeding that may result in punishment by confinement and in any other criminal proceeding if the court concludes that the interests of justice require representation." Tex. Code Crim. Proc. Ann. art. 1.051(c) (West Supp. 2013). As charged in this case, the offense of operating a motor vehicle without a valid driver's license is punishable by fine only. *See* Tex. Transp. Code Ann. § 521.025(c). Duncan represented himself in the proceedings before the trial court.[1]

Because Duncan was not entitled to counsel and represented himself at trial,

---

[1]Before jury selection started, the trial court appointed stand-by counsel to assist Duncan. The trial court released stand-by counsel after the trial concluded. "The term 'standby counsel' usually describes situations when, in response to a defendant's request for self-representation, the trial court instead allows the defendant's attorney to remain as counsel and be available to advise the defendant and participate in the case, or not, as requested by the defendant." *Walker v. State*, 962 S.W.2d 124, 126 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (citing *Faretta v. California*, 422 U.S. 806, 834 (1975)).

Duncan is not an eligible indigent defendant entitled to have the trial court appoint counsel for an appeal. *See* Tex. Code Crim. Proc. Ann. art. 1.051(d)(1) (West Supp. 2013).

Generally, an appellant's failure to timely file a brief does not authorize consideration of the appeal without briefs. *See* Tex. R. App. P. 38.8(b)(1). Instead, we must remand the case to the trial court for a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or whether counsel had abandoned the appeal. *See* Tex. R. App. P. 38.8(b)(2). However, an exception to Rule 38.8(b) applies, when the appellant chooses to represent himself and does not file a brief. *See Wade v. State*, 31 S.W.3d 723, 724-25 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd). Duncan represents himself in this appeal, has no constitutional or statutory right to have counsel appointed for him, and has not employed counsel who abandoned the appeal. Under these unusual circumstances, we conclude it is not necessary to remand the case to the trial court for a hearing before we consider the appeal without briefs. *See id*.

Fundamental Error

When a *pro se* appellant fails to file a brief, in the interest of justice we may review the record for unassigned fundamental error. *Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994); *see also Burton v. State,* 267 S.W.3d 101, 103 (Tex.

App.—Corpus Christi 2008, no pet.) (describing potential grounds for fundamental error). Our examination of the record reveals no fundamental error that might justify declining to consider the appeal without briefs and ordering a different procedure. *See generally* Tex. R. App. P. 38.9; *see also Pena v. State*, 191 S.W.3d 133, 136-38 (Tex. Crim. App. 2006) (describing circumstances when a court should address or order briefing on unassigned error). Accordingly, we affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on March 6, 2014
Opinion Delivered March 12, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.