**Opinion issued September 25, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00923-CR

———————————

**COREY JAMES BRAVO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from County Criminal Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1788210**

---

## MEMORANDUM OPINION

On August 16, 2012, Corey James Bravo was convicted of the misdemeanor

offense of driving while intoxicated[1] and the trial court assessed his punishment at

three days' confinement in county jail and a $500 fine. Bravo timely appealed.

---

[1]    *See* TEX. PENAL CODE ANN. § 49.04 (West Supp. 2014).

On December 19, 2012, this Court abated the appeal and remanded the case to the trial court. In the order of abatement, we noted that, although four months had passed since Bravo filed his notice of appeal, no attorney had appeared in this Court on Bravo's behalf. We further noted that although Bravo was represented by retained counsel in the trial court, Bravo's counsel did not sign the notice of appeal, thereby indicating that counsel did not intend to represent Bravo on appeal.

Bravo signed the notice of appeal himself. Because the record did not contain any indication that Bravo had been admonished regarding the dangers and disadvantages of proceeding pro se or that he had made an intelligent and voluntary waiver of the right to counsel on appeal, we abated the appeal and remanded the case to the trial court with instructions to immediately conduct a hearing on the record in order to determine, inter alia, whether Bravo still wished to appeal his DWI conviction, and if so, whether Bravo was indigent. If the trial court determined that Bravo was not indigent, we instructed the court to admonish Bravo regarding self-representation, and then either determine that Bravo was knowingly and intelligently waiving his right to counsel, or set a deadline for Bravo to hire appellate counsel.

On January 14, 2013, the trial court held a hearing on our abatement order. The reporter's record of the hearing shows that (1) Bravo wished to pursue the appeal, (2) the trial court determined that Bravo was not indigent, (3) Bravo was

admonished regarding self-representation, and (4) Bravo intended to represent himself on appeal. We reinstated the appeal on January 23, 2013.

The reporter's record was filed on March 1, 2013, and Bravo's brief was due on May 1, 2013. On May 17, 2013, the Clerk of this Court notified Bravo that his brief had not yet been filed and directed him to respond by filing his brief and a motion for extension of time no later than May 23, 2013. When Bravo did not respond, the Clerk of this Court again notified him that his brief had not been filed and directed Bravo to respond by filing his brief and a motion for extension of time no later than July 1, 2013.

On May 15, 2014, the Court ordered Bravo to file his brief within ten days of the date of the order or else the Court would consider the appeal without briefs. *See* TEX. R. APP. P. 38.8(b)(4) (stating that "[i]f the trial court has found that the appellant . . . is not indigent but has not made the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require"). Bravo's appellate brief was due May 26, 2014. To date, no brief has been filed. Absent briefs, no issues are presented for our review. Nevertheless, in the interest of justice, we have reviewed the record before us on appeal for unassigned fundamental error. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (reviewing appeal for unassigned fundamental error when appellant failed to file brief on appeal); *see also Wade v. State*, 31 S.W.3d 723, 725 (Tex.

3

App.—Houston [1st Dist.] 2000, pet. ref'd) (same). Finding no unassigned fundamental error, we affirm the trial court's judgment.


Jim Sharp
Justice


Panel consists of Justices Higley, Bland, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).