# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00493-CR

---

**Jarrod Anthonie Scales, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 368TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 21-1601-K368
### THE HONORABLE SARAH SOELDNER BRUCHMILLER, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

After waiving his right to counsel, Scales represented himself at his assault-on-a-peace-officer and harassment-of-a-public-servant trial. The State's theory was that Scales, high on PCP, struck one officer in the face, *see* Tex. Penal Code § 22.01(b-2), and spit at another, *see id*. § 22.11(a)(3). The jury found Scales guilty of the assault but not guilty of the harassment. The jury assessed punishment at confinement for 16 years and a fine for $5,000, *see id*. § 12.33, and the trial court sentenced Scales accordingly. Scales filed a notice of appeal.

Scales' brief on appeal was originally due December 27, 2023. In the intervening year-plus, Scales' original appellate attorney was allowed to withdraw because Scales retained a different attorney; the retained attorney sought and was given four extensions to file Scales' brief; the appeal was abated and remanded to the trial court because the retained attorney asked to withdraw; after appointment of a new attorney and reinstatement of the appeal, the new

appointed attorney sought and was given an extension to file Scales' brief; the appeal was again abated and remanded to the trial court because the then-current appointed attorney asked to withdraw; the trial court after a hearing involving Scales found that Scales desired to prosecute this appeal and that he knowingly and intelligently waived his right to counsel on appeal.

We reinstated the appeal and Scales, representing himself, sought and was granted an extension to file his brief. That extended deadline passed without any brief or extension motion from Scales, so our Clerk asked for Scales to respond by January 27, 2025. That date came and went. Then on February 18, 2025, Scales moved for an extension of the deadline to file his opening brief, to February 27, 2025.

We granted Scales' motion for the extension to February 27, ordered Scales to file his brief by that date, and warned Scales that, if by March 31, 2025, Scales had not filed his brief, then the appeal would be submitted without briefs. *See* Tex. R. App. P. 2 ("[O]n its own initiative an appellate court may—to expedite a decision or for other good cause—suspend a rule's operation in a particular case and order a different procedure."), 38.8(b)(4) (ordinary rule for submission of criminal appeals without briefs). March 31 came and went.

Therefore, we submitted the case without the benefit of briefs, *see Wade v. State*, 31 S.W.3d 723, 725 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (per curiam), and having reviewed the record in this appeal, find no unassigned fundamental error. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (affirming judgment after finding "no unassigned fundamental error"); *see also Saldano v. State*, 70 S.W.3d 873, 887-89 (Tex. Crim. App. 2002) (listing types of error that are fundamental). Accordingly, the judgment of conviction is affirmed.

2

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Affirmed

Filed:   May 30, 2025

Do Not Publish